**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Dean C. LOUCKS, Defendant-Appellant.**

No. 86–1448.

United States Court of Appeals, Tenth Circuit.

Nov. 25, 1986.

Jeffrey A. Springer (Thomas A. Ballantine III, with him on brief), Denver, Colo., for defendant-appellant.

Carol A. Statkus, Asst. U.S. Atty. (Richard A. Stacy, U.S. Atty., Dist. of Wyoming,

with her on brief), Cheyenne, Wyo., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, and BALDOCK and McWILLIAMS, Circuit Judges.

McWILLIAMS, Circuit Judge.

The issue in this case is whether a search of the trunk of an automobile and the seizure therefrom of 25 pounds of marijuana violated the Fourth Amendment. Loucks, the defendant, filed a pretrial motion to suppress the use at trial of the 25 pounds of marijuana taken from the trunk of his automobile. The district court denied the motion. Thereafter, Loucks, pursuant to Fed.R.Crim.P. 11(a)(2), entered a conditional plea of guilty, reserving the right to appeal from the sentence imposed and obtain review of the order of the district court denying his motion to suppress.

On appeal, Loucks contends that the district court erred in denying his motion to suppress, and, in support thereof, Loucks argues that although the facts and circumstances justified a warrantless search of the interior of his automobile, they did not justify a warrantless search of the trunk of his vehicle. We do not agree.

While driving his automobile in Wyoming on October 30, 1985, Loucks was stopped for speeding by a Wyoming State Highway patrolman. The officer testified at a preliminary hearing before a magistrate that according to his radar equipment, Loucks was driving at a speed of 73 miles per hour. Immediately after the stopping, Loucks got out of his vehicle and walked towards the officer's patrol car. Loucks was asked by the officer to take a seat in the patrol car while the officer wrote a traffic ticket. It was in this setting that the officer noticed a strong odor of marijuana on Loucks, "reeking" being the word used by the officer. The arresting officer, incidentally, testified that he had extensive experience with marijuana arrests, gained while serving as a patrolman for the Missouri Highway Patrol and as Chief of Police in Gower, Missouri, and, more recently, on the Wyoming Highway Patrol.

As they were seated in the patrol car, the officer asked Loucks if he had been smoking marijuana, and Loucks denied it. The officer asked Loucks to empty his pockets, which the latter did, and the officer then checked Loucks for weapons. The officer next walked to Loucks' car, and opened the door on the driver's side. Leaning into the car, the officer smelled what he thought was still-burning marijuana. He then proceeded to search the interior of the vehicle which yielded a small wooden box containing what appeared to be marijuana, a few marijuana cigarette butts from the car's ashtray and a small brown paper bag which also contained marijuana. The officer then took the keys from the ignition and opened the trunk. Inside the trunk was an orange laundry bag. The officer felt the orange bag, opened it and smelled it. Inside the orange bag was a plastic garbage bag containing marijuana. In the trunk the officer also found a nylon utility bag which contained marijuana. Altogether, the officer found, and seized, approximately 25 pounds of marijuana in the trunk. Based on the chronology above outlined, Loucks was charged with the possession with an intent to distribute approximately 25 pounds of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1).

In denying Loucks' motion to dismiss, the district court stated that "[w]here an officer legitimately stops a car, and has probable cause to believe drugs are concealed in that car, he may conduct a warrantless search of the car and the containers within it that could conceal the object of the search," citing *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). We agree.

Loucks concedes that the officer had probable cause to make a warrantless search of the passenger compartment of his vehicle, but argues that there was no such probable cause to search the trunk.[1]

---

**1.** It is agreed that the officer had a lawful reason for stopping Loucks' car. Where there is a

The government's position is that, under the facts and circumstances outlined above, the officer had probable cause to search the entire vehicle for marijuana, and the fact that in the interior of the automobile he found marijuana, or evidences thereof, did not require him to call off the search. Both Loucks and the government rely heavily on their reading of *United States v. Ross*, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

The facts of *Ross* are somewhat different from those in the instant case, although language used in *Ross* has present pertinency. *Ross* does not involve the stopping of an automobile because the operator was driving erratically. Rather, in *Ross*, the police had information from a reliable informant that Ross was selling narcotics on the street and that the narcotics were kept in the trunk of his automobile. So, in *Ross*, it was quite apparent that there was probable cause to search the trunk of the Ross vehicle without a warrant. The issue in *Ross* was whether the officers could thereafter lawfully search, without a warrant, containers found within the vehicle, namely, an opaque paper bag and a leather pouch located in the trunk, the paper bag containing heroin and the leather pouch containing $3,200 in cash. In *Ross*, the Supreme Court upheld the validity of the warrantless search of the paper bag and the leather pouch, holding that where police officers have probable cause to search a lawfully stopped vehicle, they may conduct a warrantless search of every part of the vehicle and its contents, including all containers and packages that might conceal the object of the search. *Ross, supra,* at 825, 102 S.Ct. at 2173. In so holding, the Supreme Court commented as follows:

> A warrant to search a vehicle would support a search of every part of the vehicle that might contain the object of the search. When a legitimate search is un-

der way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand. (*Id.* at 821, 102 S.Ct. at 2170)

. . . .

> If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search. (*Id.* at 825, 102 S.Ct. at 2173)

As indicated, Loucks does not challenge, as such, the search of the bags located in the trunk of his vehicle. *Ross* would seem to foreclose any such challenge. Rather, Loucks argues that though the officer had probable cause to search the passenger compartment for marijuana that Loucks was himself personally using, such probable cause did not justify a warrantless search of the trunk which resulted in the seizure of 25 pounds of marijuana which ultimately formed the basis for the complaint charging him with the possession of marijuana with an intent to distribute. We disagree. The distinction which Loucks would make is in our view illogical and unreasonable.

A Supreme Court case with facts quite similar to those of the instant case is *Robbins v. California*, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981), *reh'g denied*, 453 U.S. 950, 102 S.Ct. 26, 69 L.Ed.2d 1036 (1981). In *Robbins*, highway patrol officers stopped a station wagon which was being driven in an erratic fashion and, as the car door was being opened, the officers smelled marijuana smoke. The officers then proceeded to make a warrantless search of the vehicle. In the passenger

legitimate reason for stopping a vehicle, and the officer thereafter detects the odor of marijuana emanating from the stopped vehicle, and is by virtue of training or experience able to identify it as marijuana, an ensuing search is based on probable cause, i.e., "facts sufficient to warrant

a man of reasonable caution ... [to believe] that an offense is being committed." *United States v. Anderson*, 468 F.2d 1280, 1282 (10th Cir.1972). *See also United States v. Bowman*, 487 F.2d 1229 (10th Cir.1973).

compartment of the vehicle, the officers found marijuana and equipment for using it. The officers then opened the tailgate of the station wagon, located a handle set flush in the deck and lifted it up to uncover a recessed luggage compartment. In the compartment, two opaque packages were found, and opened, each package containing 15 pounds of marijuana. In *Robbins*, the Supreme Court held that the officers should have gotten a search warrant before they opened the two packages, even though the seizure of the packages occurred during the lawful warrantless search of the vehicle itself. *Robbins, supra*, at 428, 101 S.Ct. at 2846. *Robbins*, of course, is inconsistent [2] with the holding in *Ross*. However, *Robbins* indicates quite clearly that the warrantless search of the luggage compartment of the station wagon was itself lawful.

The "personal use" argument made in the instant case was considered, and rejected, in *United States v. Burnett*, 791 F.2d 64 (6th Cir.1986). In *Burnett*, the "focal point" of the defendant's argument was that two ounces of marijuana found in the interior of a vehicle indicated that the defendant was only a "user" of narcotics, as opposed to being a dealer in narcotics, and that accordingly, the officer had probable cause to search only the passenger area of the car, but not the trunk. The Sixth Circuit rejected this argument and stated that, under the rationale of *Ross*, the search of the trunk was "lawful and justified." [3] In so doing, that court commented as follows:

> Officer Brady, based upon the information known to him, lawfully stopped the Burnetts' car. The marijuana package on the floorboard of the vehicle was in plain view and was legally seized by the officer. Once the contraband was found, officer Brady had every right to search the passenger area of the car, the trunk, and any and all containers which might conceal contraband....

*Burnett, supra*, at 67.

Automobile search cases are countless, and there is no need to review them here. In our view, on the basis of the authorities above cited, the district court was eminently correct in denying Loucks' motion to suppress.

Judgment affirmed.

---

**2.** The *Ross* Court pointed out that although its decision was "inconsistent" with *Robbins, supra*, nevertheless, "the doctrine of *stare decisis* does not preclude this action.... [A]lthough we reject the precise holding in *Robbins*, there was no Court opinion supporting a single rationale for its judgment, and the reasoning we adopt today was not presented by the parties in that case." *Ross, supra*, at 824, 102 S.Ct. at 2172.

**3.** In *United States v. Millar*, 543 F.2d 1280 (10th Cir.1976), we held that the detection of a definite odor of marijuana coming from a vehicle and the finding of marijuana seeds on the floorboard of a vehicle equates to probable cause to believe that there might well be marijuana in a trailer which the vehicle was pulling and justified the issuance of a warrant to search the trailer. Further, in *United States v. Esle*, 743 F.2d 1465 (11th Cir.1984), *reh'g denied*, 755 F.2d 176 (1985), and *United States v. Schecter*, 717 F.2d 864 (3d Cir.1983), the "probable cause" found in each case was sufficient to justify a warrantless search of the vehicle, including the trunk.