980 F.2d 739
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Renard McCain KING, Defendant-Appellant.
 No. 92-10042.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 8, 1992.*
Decided Dec. 4, 1992.
 
 Before: POOLE, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Renard King appeals his conviction and sentence for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). We affirm.
 
 FACTS
 
 3
 On April 17, 1991, the police stopped King's car, in which he was a passenger at the time, for a making a wide turn and because one of the headlights was out. Upon examination of the vehicle registration, the police officer discovered that the license plate expiration date tags did not match the registration. King admitted that he had tampered with the tags. The officer determined, based on his observations, that King was under the influence of heroin. The officer then asked King if he could search the car and King's person. King agreed to the searches.
 
 
 4
 In the passenger compartment, the officer found drug paraphernalia, including a marijuana roach clip, four syringes, and a prescription bottle containing a white powdery substance. King stated that the items belonged to him. King was then placed under arrest. A search of King's person revealed fifteen, .357 magnum bullets in King's left front pocket. Another officer searched the trunk of the car a found a loaded Smith and Wesson .357 caliber revolver in a zippered Reebok bag.
 
 
 5
 King was found guilty after a jury trial and sentenced to 260 months in prison, 5 years of supervised release, and a fine of fifty dollars.
 
 DISCUSSION
 I. Probable Cause
 
 6
 "Officers who have probable cause to believe that an automobile contains evidence of a crime may search the vehicle, including the trunk and all containers in which there is probable cause to believe that evidence was concealed." United States v. Alvarez, 899 F.2d 833, 839 (9th Cir.1990) (citing United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982)), cert. denied, --- U.S. ----, 111 S.Ct. 671, 112 L.Ed.2d 663 (1991); see California v. Acevedo, --- U.S. ----, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991). "Probable cause exists if, under the totality of the circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.' " Alvarez, 899 F.2d at 839 (citation omitted).
 
 
 7
 There was probable cause to search the trunk of King's car. See United States v. Loucks, 806 F.2d 208, 209 (10th Cir.1986). Based on his observations, the police officer determined that King was under the influence of heroin. See id. King consented to the search of the passenger compartment of his car and a search of his person. Cf. United States v. Vasquez, 858 F.2d 1387, 1391 (9th Cir.1988), cert. denied, 488 U.S. 1034, 109 S.Ct. 847, 102 L.Ed.2d 978 (1989). The officer discovered King's drug paraphernalia in the back seat. See Loucks, 806 F.2d at 209. A search of King's person revealed fifteen bullets. This objective evidence of the drugs and the bullets provided probable cause to search the trunk of the car. See id. at 210. The container search of the Reebok bag was justified because the bag could easily have concealed drugs or weapons. See Alvarez, 899 F.2d at 839.
 
 II. Acceptance of Responsibility
 
 8
 The district court's refusal to grant King a two-point reduction for acceptance of responsibility was not clearly erroneous.
 
 
 9
 Conviction by trial does not automatically exclude a defendant from consideration for the two-point reduction. U.S.S.G. § 3E1.1(b) & comment. (n. 2); United States v. Barron-Rivera, 922 F.2d 549, 552 (9th Cir.1991). However, "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1 comment. (n. 2). Here, King's challenge related to factual guilt. See Barron-Rivera, 922 F.2d at 552-53. He denied that he owned the gun and claimed that he possessed it only as collateral, and he went to trial only because he did not like the possible corresponding sentence of thirty years and could not get the government to offer him a deal for pleading guilty. Cf. id.
 
 
 10
 King's inconsistent statements also support the district court's determination. A defendant must make a "truthful admission of involvement in the offense." See U.S.S.G. § 3E1.1 comment. (nn. 1(c) & 3). King did not truthfully admit the offense, but rather told two different stories. See United States v. Smith, 905 F.2d 1296, 1301-02 (9th Cir.1990). When arrested, King admitted that the gun was his and that he knew, as a felon, he was not allowed to carry a gun. However, in the interview with the probation officer, King claimed that he was holding the gun as collateral for a loan made to a friend and that he did not know that felons were prohibited from carrying firearms. Thus, King's statements and conduct did not exhibit a truthful admission or acceptance of responsibility. See U.S.S.G. § 3E1.1 comment. (nn. 1(c) & 3); Smith, 905 F.2d at 1301-02. In fact, he was truthful only when he did not understand the consequences. As soon as he did understand them, he tried his best to avoid responsibility. The district court correctly denied the two-point reduction for acceptance of responsibility.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)