46 F.3d 1152
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Forrest McINTOSH, Defendant-Appellant.
 No. 94-4058.
 United States Court of Appeals, Tenth Circuit.
 Jan. 12, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before SEYMOUR, Chief Judge, McWILLIAMS, Circuit Judge, and CROW,[2] District Judge.
 
 
 2
 Michael F. McIntosh was indicted on a single count of possession of marijuana with intent to distribute. He filed a motion to suppress which the district court denied after a hearing. Mr. McIntosh then entered a conditional plea of guilty, pursuant to Fed.R.Crim.P. 11(a)(2), reserving his right to appellate review of the district court's disposition of pretrial motions. Mr. McIntosh now appeals the district court's judgment. We affirm.
 
 
 3
 On March 15, 1993, Deputy Barney stopped Mr. McIntosh for speeding. Upon approaching the vehicle, Deputy Barney noted the smell of raw marijuana coming from the back of the vehicle. He also saw the spare tire, several cans of "fix-a-flat," and a travel bag in the back seat. After verifying the driver's license and the vehicle registration, Deputy Barney returned to the car to issue a warning and to return the driver's license. He again smelled marijuana.
 
 
 4
 Deputy Barney asked Mr. McIntosh whether he was carrying narcotics, firearms, or marijuana. Mr. McIntosh responded negatively. Deputy Barney nonetheless asked to search the inside of the vehicle and allegedly received Mr. McIntosh's consent. When searching the car, Deputy Barney noted that the back seat was loose and again noted the smell of marijuana. He asked for the keys to the trunk, but neither the keys or the release-button would open it. After reporting the incident to the Sevier County Attorney, repeatedly stating that he knew narcotics were in the trunk, and unsuccessfully trying to remove the back seat of the vehicle, Deputy Barney arrested Mr. McIntosh.
 
 
 5
 A second officer arrived soon thereafter. This officer told Deputy Barney that he could not smell marijuana. Deputy Barney admitted that the marijuana smell was not very strong, but reasserted that he could smell it. A technician then opened the trunk, discovering 247 pounds of wrapped marijuana.
 
 
 6
 On appeal, Mr. McIntosh argues that the district court erroneously held that Deputy Barney had reasonable suspicion to detain him and probable cause to search the vehicle. Mr. McIntosh further alleges that the involuntariness and scope of his consent undermine the legality of the search. When considering a district court's denial of a motion to suppress, we review factual findings under a clearly erroneous standard and in the light most favorable to the district court's ruling. However, we review Fourth Amendment conclusions of law de novo. United States v. Soto, 988 F.2d 1548, 1551 (10th Cir.1993).
 
 
 7
 Mr. McIntosh argues that Deputy Barney did not have reasonable suspicion to detain him for questioning after issuing the warning and returning his driver's license. Once a driver produces a valid license and proof that he is entitled to operate the car, he must be permitted to proceed absent reasonable suspicion of criminal activity. United States v. Guzman, 864 F.2d 1512, 1519 (10th Cir.1988). Reasonable suspicion of illegal activity "does not depend upon any one factor, but on the totality of the circumstances." Soto, 988 F.2d at 1555. Upon stopping Mr. McIntosh's vehicle, Deputy Barney immediately smelled raw marijuana and noted that the back seat was holding items normally placed in the trunk. As the encounter progressed, Deputy Barney continued to smell marijuana, noted that the back seat was loose, and discovered he could not open the trunk. We have held that the odor of marijuana, United States v. Morin, 949 F.2d 297, 300 (10th Cir.1991), and irregularities regarding luggage, see United States v. Pinedo-Montoya, 966 F.2d 591, 594 (10th Cir.1992); United States v. Arango, 912 F.2d 441, 447 (10th Cir.1990), cert. denied, 499 U.S. 924 (1991), are factors supporting reasonable suspicion. Considering the "totality of the circumstances," we conclude that Mr. McIntosh's detention, from inception to conclusion, was supported by reasonable suspicion.
 
 
 8
 Mr. McIntosh also contends that Deputy Barney lacked probable cause to conduct a warrantless search. Probable cause requires a "fair probability that contraband or evidence of a crime will be found." Illinois v. Gates, 462 U.S. 213, 238 (1983). We have "long recognized that marijuana has a distinct smell and that the odor of marijuana alone can satisfy the probable cause requirement to search a vehicle or baggage." Morin, 949 F.2d at 300; see also United States v. Loucks, 806 F.2d 208, 209-10 n. 1 (10th Cir.1986). The district court found, and Mr. McIntosh does not contest, that Deputy Barney smelled raw marijuana from the back of the vehicle. The district court also found that in Deputy Barney's twenty-four year history, he detected the smell of marijuana in stopped vehicles many times. We therefore hold that Deputy Barney had probable cause to search the interior and trunk of Mr. McIntosh's vehicle.
 
 
 9
 Mr. McIntosh argues that the marijuana odor in this case was rather weak and therefore does not support probable case. While we respectively noted in Loucks, 806 F.2d at 209, and Morin, 949 F.2d at 300, that the marijuana odor was "reeking" and "strong," the strength of the smell was not an integral factor in our probable cause determinations. We are unpersuaded by Mr. McIntosh's argument.
 
 
 10
 Relying primarily on United States v. Nielsen, 9 F.3d 1487 (10th Cir.1993), Mr. McIntosh further argues that the search of the trunk was improper. We disagree. In Nielsen, we held that the smell of burnt marijuana did not give an officer probable cause to search the trunk because the search would not, with high probability, corroborate the smell. In the instant case, Deputy Barney smelled raw marijuana from the back of the car. A search of the trunk could likely, and in fact did, corroborate this smell. Consistent with Nielsen, we hold that Deputy Barney had probable cause to search the trunk.
 
 
 11
 Mr. McIntosh also raises a variety of arguments based on his consent to the search. We need not address these arguments because we have already determined that Deputy Barney had probable cause to conduct the search.
 
 
 12
 We AFFIRM the district court's judgment denying the motion to suppress.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Honorable Sam A. Crow, United States District Judge, United States District Court for the District of Kansas, sitting by designation