**UNITED STATES of America, Appellee,**

v.

**Warren D. TURNER, Appellant.**

**No. 96–3096.**

United States Court of Appeals,
District of Columbia Circuit.

Argued May 7, 1997.

Decided July 25, 1997.

David B. Smith, appointed by the court, argued the cause and filed the briefs for appellant.

Theodore C. Marcus, Assistant U.S. Attorney, Washington, DC, argued the cause for appellee, with whom Eric H. Holder, Jr., U.S. Attorney, John R. Fisher and Roy W. McLeese, III, Assistant U.S. Attorneys, Washington, DC, were on the brief.

Before: SILBERMAN, WILLIAMS and GARLAND, Circuit Judges.

Opinion for the court filed by Circuit Judge GARLAND.

GARLAND, Circuit Judge:

After losing a motion to suppress evidence found in the trunk of his car, appellant Warren Turner entered a conditional plea of guilty to one count of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii). As part of his plea agreement, Turner preserved his right to appeal the district court's denial of his motion to suppress. The issue presented on this appeal is whether United States Park Police officers lawfully searched the trunk in which the evidence was found. We conclude that they did and affirm the district court's denial of appellant's motion to suppress.

I

On December 6, 1995, United States Park Police Officer William Sepeck stopped Mr. Turner's car because it did not have a license plate on its front bumper. As Officer Sepeck approached the car, Turner rolled down the window, and the officer noticed a strong odor of burnt marijuana emanating from inside. Officer Sepeck asked Turner to produce his driver's license and registration. Turner produced a temporary registration, but could not produce his license.

Looking through Turner's open window, Officer Sepeck saw torn pieces of cigar tobacco in Turner's lap, on the seat between Turner's legs, and on the floor at Turner's feet. In the officer's experience, these observations were consistent with marijuana use. He believed they indicated that a hollowed out cigar "blunt" had been used as a receptacle for smoking marijuana. Through another window, Sepeck also observed on the floor directly behind Turner's seat a clear

plastic bag of green, weed-like material, which he believed to be marijuana itself.

Based on these observations, Officer Sepeck asked Turner for his car keys. After obtaining the keys, Sepeck tossed them to a second officer who had arrived on the scene, and asked that officer to search the car's trunk for more marijuana. When the second officer discovered there was no trunk key on the ring, Officer Sepeck asked Turner to take off his shoes. At the hearing on the motion to suppress, Officer Sepeck testified that in his experience, when a trunk key is missing, it often is concealed on the person's body, including in his shoes. Tr. at 12. As Officer Sepeck predicted, the trunk key was in the sole of Turner's left shoe. The second officer then searched the trunk, finding $825 in small bills and a 62–gram chunk of cocaine base ("crack").

Appellant moved to suppress the evidence found in the trunk. He argued that the traffic stop leading to the search had been pretextual, and that the search had been made without a warrant. At the close of the suppression hearing, Turner largely abandoned the pretext argument, and asserted instead that the shoe search that produced the trunk key had been conducted without probable cause. The government argued that the car had not been stopped on pretext; that the key was found as part of a lawful search incident to arrest; and that the trunk search came within the scope of warrantless automobile searches authorized by the Supreme Court in *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Tr. at 45. The district court agreed, and denied Turner's motion to suppress. *Id.* at 46. Thereafter, Turner entered a conditional plea of guilty, preserving the right to appeal the denial of his motion to suppress.

## II

On appeal, Turner does not renew the arguments he made below. Instead, he ar-

gues that the search of his trunk exceeded the scope of warrantless searches authorized in *Ross,* because the officers lacked probable cause to believe there would be contraband in the trunk.[1] The government argues that, because Turner failed to raise this particular Fourth Amendment challenge in the district court, the court's ruling should be affirmed unless it was "plain error"—that is, an error "so obvious and substantial" or so "serious and manifest that it affects the very integrity of the trial process." *See In re Sealed Case,* 99 F.3d 1175, 1177 (D.C.Cir.1996).

While conceding that he did not make this particular challenge below, Turner argues it was sufficient that he moved for suppression of the evidence based on the absence of a warrant. Once he did so, Turner contends, it was the government's burden to show the search came within the scope of warrantless searches authorized by *Ross,* not his burden to show it did not. Appellant's Reply Br. at 1 (citing *United States v. Hough,* 944 F.Supp. 20, 22 (D.D.C.1996)). Moreover, he notes, the government did in fact argue that the search came within the scope of *Ross* and the district court so held. *Id.* at 2 (citing Tr. at 45). Under these circumstances, Turner contends, this Court should determine *de novo* whether the search of the trunk was lawful. *See generally United States v. Taylor,* 997 F.2d 1551, 1553 (D.C.Cir.1993).

This dispute over the appropriate standard of review need not detain us, however, as we find no error, plain or otherwise, in the district court's determination.

## III

In *Carroll v. United States,* 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), the Supreme Court established an exception to the Fourth Amendment's warrant requirement, holding that a warrantless search of an auto-

---

1. Turner also challenges what he believes to be the district court's holding that the search of his trunk was authorized by another exception to the warrant requirement, the "search incident to arrest" doctrine, an exception which is limited to a car's passenger compartment. *See New York v. Belton,* 453 U.S. 454, 460 n. 4, 101 S.Ct. 2860, 2864 n. 4 (1981). We, however, do not read the district court's decision as relying on the search incident to arrest doctrine to support the trunk search. Rather, the court relied on that doctrine to authorize seizure of the key from Turner's shoe, while relying on *Ross* to support the "search of every part of the vehicle and its contents, including the trunk." Tr. at 46.

mobile, stopped by police officers who had probable cause to believe the vehicle contained contraband, was not unreasonable within the meaning of the Fourth Amendment. In *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), the Court considered the breadth of that exception, holding that the "scope of a warrantless search of an automobile . . . is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *Ross,* 456 U.S. at 824, 102 S.Ct. at 2172. "If probable cause justifies the search of a lawfully stopped vehicle," the Court stated, "it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Id.* at 825, 102 S.Ct. at 2173. *See also California v. Acevedo,* 500 U.S. 565, 570, 579–80, 111 S.Ct. 1982, 1986, 1990–91, 114 L.Ed.2d 619 (1991). Thus, the question for consideration here is whether the police had probable cause to believe that contraband may have been in the trunk of Mr. Turner's car or, as the *Ross* Court put it, whether the trunk was one of several parts of the vehicle that "might contain the object of the search." 456 U.S. at 821, 102 S.Ct. at 2171.

On appeal, the government relies on three pieces of evidence to establish probable cause: the smell of burnt marijuana emanating from the car, the pieces of torn cigar paper arrayed around Turner, and the ziplock bag of green weed material found on the floor behind his seat. Government's Br. at 11–12.[2] The government argues that these three pieces of evidence, together with Officer Sepeck's experience and training in traffic and narcotics enforcement, formed a "totality of circumstances" sufficient to meet the requirements of probable cause: that is, "a fair probability that contraband or evidence of a crime [would] be found," *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317,

2332, 76 L.Ed.2d 527 (1983), elsewhere in the car, including in its trunk.

Turner does not dispute the legality of the manner in which any of these pieces of evidence came to the officer's attention. Nor does he dispute that these facts established probable cause to believe additional marijuana might be found elsewhere in the passenger compartment of the car, or that if another kind of evidence (for example, a larger quantity of narcotics) had been found in the passenger compartment, it could have constituted probable cause to believe additional contraband might be found in the trunk. Appellant's Br. at 6. Turner argues, however, that the observations made by Officer Sepeck constituted evidence of nothing more than personal use of marijuana, and that a person who *uses* rather than *distributes* drugs would keep them within his control, either on his person or in his immediate vicinity, and not in his trunk. *Id.* at 6–7. Hence, he contends, in this case there was no probable cause to believe additional drugs would be found in the trunk.

The line appellant seeks to draw is too fine. While it may be true that evidence of narcotics distribution would constitute even stronger cause to believe additional contraband had been secreted in the trunk, the evidence in this case was sufficient to establish a "fair probability" that Turner might have hidden additional drugs not necessary for his current consumption in areas out of plain sight, including the trunk of the car. The testimony of Officer Sepeck at the suppression hearing, based on his experience in narcotics and traffic enforcement, supports that conclusion. Tr. at 11, 24–25.

Those federal courts that have considered the "personal use" argument have rejected it, and have upheld trunk searches on evidence similar to that found here. *See United States v. Loucks,* 806 F.2d 208, 210–11 (10th

**2.** Before actually opening the car's trunk, Officer Sepeck also learned a fourth fact—that Mr. Turner had hidden the trunk key in his shoe. If we were to consider that fact here, it would greatly simplify the probable cause determination, as it points suspicion directly at the trunk. But the government does not rely on the trunk key's location as part of the probable cause for the search, apparently because it thinks it fatal that

the key was not discovered until after the officer had formulated an intent to search the trunk and after he had been thwarted by the key's absence. Because this issue was not presented, we do not decide whether the government was correct in concluding that it could not rely on the key, and instead limit ourselves to considering only the three pieces of evidence proffered to us.

Cir.1986) (smell of still-burning marijuana cigarette butts and a small bag of marijuana supported trunk search); *United States v. Burnett,* 791 F.2d 64, 67 (6th Cir.1986) (small amount of marijuana on floorboard of passenger compartment provided probable cause to search trunk). *See also United States v. Reed,* 882 F.2d 147, 149 (5th Cir.1989) (odor of burnt marijuana justified search of entire vehicle, including locked compartment in rear of station wagon); *United States v. Hough,* 944 F.Supp. 20, 23 & n. 2 (D.D.C.1996) (smell of marijuana and discarded marijuana cigarettes on floor of car provided probable cause to search entire car including trunk).

Although the Supreme Court has not considered this question directly, it did consider a similar set of facts in *Robbins v. California,* 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981). In *Robbins,* California Highway Patrol officers stopped a station wagon that had been operating erratically. When the driver opened the door, the officers smelled marijuana smoke. A pat-down of the driver produced a vial of liquid, and a search .of the passenger compartment yielded marijuana "as well as equipment for using it." *Id.* at 422, 101 S.Ct. at 2844. With nothing more than this evidence of marijuana use, the officers opened the tailgate of the station wagon, lifted the cover of a recessed luggage compartment set flush in the deck, and discovered two packages wrapped in opaque plastic. They unwrapped the packages and found that each contained fifteen pounds of marijuana. *Id.*

In *Robbins,* the Supreme Court held that the opaque plastic packages should not have been opened without a warrant, 453 U.S. at 428, 101 S.Ct. at 2846–47—a holding later disavowed in *Ross,* 456 U.S. at 824, 102 S.Ct. at 2172–73. The *Robbins* Court, however, did not question the officers' authority to open the station wagon's luggage compartment in the first place. To the contrary, although it was not a focus of the case, the Court stated that the two bricks of marijuana had been discovered "during a lawful search of the petitioner's car." *Robbins,* 453 U.S. at 428, 101 S.Ct. at 2847. And, while *Ross* later disapproved the disposition in *Robbins* insofar as it required a warrant for opening the

packages, it reaffirmed that the search for and discovery of the packages inside the luggage compartment had been legitimate. *Ross,* 456 U.S. at 817, 824, 102 S.Ct. at 2172–73. Although there are distinctions between a station wagon's luggage compartment and a car's trunk, they both are sufficiently outside the control of the vehicle's occupants for us to read *Robbins* and *Ross* as authorizing the trunk search at issue here.

## IV

Turner acknowledges that there are "no federal cases supporting [his] position that have the same facts." Appellant's Br. at 11. He contends, however, that two cases are "close." *Id.* at 11–12 (citing *United States v. Nielsen,* 9 F.3d 1487 (10th Cir.1993), and *United States v. Seals,* 987 F.2d 1102, 1107 (5th Cir.), *cert. denied,* 510 U.S. 853, 114 S.Ct. 155, 126 L.Ed.2d 116 (1993)). He also contends that language in *United States v. Ross,* 456 U.S. at 824, 102 S.Ct. at 2172–73, and *California v. Acevedo,* 500 U.S. at 580, 111 S.Ct. at 1991, is consistent with his position. None of Turner's citations, however, supports overturning the decision of the district court here.

In *United States v. Nielsen,* 9 F.3d 1487, 1491 (10th Cir.1993), the United States Court of Appeals for the Tenth Circuit held that an officer's testimony that he smelled burnt marijuana in the passenger compartment of the defendant's car, without physical corroboration, provided insufficient probable cause to search the trunk. In *Nielsen,* however, the court's principal concern was with the *credibility* of such an uncorroborated observation by an untrained "human sniffer." *Id.* At the same time, the Tenth Circuit confirmed its previous rejection of the " 'personal use' argument," *id.* at 1490, and distinguished *Nielsen* from the earlier case of *United States v. Loucks,* 806 F.2d 208 (10th Cir.1986), where it had upheld a trunk search after the officer both smelled and found corroborating evidence of small amounts of marijuana in the passenger compartment—the same kind of evidence the government proffers here. In a subsequent case, the Tenth Circuit reaffirmed the position taken in *Loucks,* holding that a police officer had

probable cause to search the trunk of a car "when he smelled burned marijuana in the car and found corroborating evidence of contraband [a rolled-up dollar bill with a white powder residue, and a marijuana cigarette] on defendant." *United States v. Parker*, 72 F.3d 1444, 1450 (10th Cir.1995).

In the second case cited by appellant, *United States v. Seals*, 987 F.2d 1102, 1107 (5th Cir.), *cert. denied*, 510 U.S. 853, 114 S.Ct. 155, 126 L.Ed.2d 116 (1993), the Fifth Circuit upheld a trunk search based on evidence of drug use—a glass pipe with cocaine residue—as well as apparent modification of a rear seat to allow trunk access. The pipe had been found after a drug detection dog alerted to the presence of narcotics in the passenger compartment. The court held that the pipe provided probable cause to search the trunk, *Seals*, 987 F.2d at 1107, but suggested in dictum that if the sole evidence providing probable cause had been the dog's alerting to the passenger compartment, only a search of that compartment would have been justified. *Id.* at 1107 n. 8. The distinction, the court said, was "between probable cause to believe that drugs are in a particular section of the car, and probable cause to believe that drugs are generally within the car." *Id.* In the former circumstance, the court suggested, only that particular section could be searched; in the latter, any part of the car that could conceal the drugs would be subject to search.

This same distinction is at the heart of the language in *Ross* to which appellant draws our attention. Although in *Ross* the Court found that the police "had probable cause to search respondent's entire vehicle," 456 U.S. at 817, 102 S.Ct. at 2169, it noted a circumstance in which that would not have been true: "Probable cause to believe that a container placed in the trunk of a taxi contains contraband or evidence," the Supreme Court said, "does not justify a search of the entire cab." *Id.* at 824, 102 S.Ct. at 2172. The

Court's example was not hypothetical, but rather a reference to the container placed in the taxi in the case of *Arkansas v. Sanders*, 442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979), the facts of which were described earlier in *Ross*. In *Sanders*, the police had been advised by a reliable informant that Sanders would arrive at the airport carrying a green suitcase containing marijuana. He did in fact arrive with a green suitcase, and the police observed him placing it in the trunk of a taxi. The relationship between the suitcase and the taxi was "coincidental," the *Ross* Court noted, and "no danger existed that its contents could have been secreted elsewhere in the vehicle." 456 U.S. at 813 & n. 17, 102 S.Ct. at 2166 & n. 17. Under those circumstances, the *Ross* Court said, the police in *Sanders* did not have "probable cause to search the vehicle or anything within it except the . . . green suitcase. . . ." *Id.* at 814, 102 S.Ct. at 2167.[3]

In *California v. Acevedo*, the Supreme Court returned once again to this distinction between probable cause to believe contraband is in a specific location, and probable cause to believe that it may be in some unknown location within a vehicle. While upholding the warrantless seizure of a bag in a trunk, the *Acevedo* Court stated that the "facts in the record reveal that the police did not have probable cause to believe that contraband was hidden in any other part of the automobile and a search of the entire vehicle would have been without probable cause and unreasonable under the Fourth Amendment." 500 U.S. at 580, 111 S.Ct. at 1991. In *Acevedo*, as in *Sanders*, the police had been following a particular parcel of drugs— one the police actually had intercepted, examined, and resealed—and had watched as the suspect bag was placed in the trunk. The government did not argue that it had reason to suspect additional drugs were anywhere else in the car, and indeed did not search anywhere else in the car. Under

---

**3.** In *Sanders*, the Court also noted that, although there was probable cause to search the suitcase, that probable cause existed before the suitcase was placed inside the automobile. Hence, the Court said, the automobile exception did not apply and a warrant was required. Subsequently, in *California v. Acevedo*, 500 U.S. 565, 111

S.Ct. 1982, 114 L.Ed.2d 619 (1991), the Court disapproved this aspect of *Sanders*, holding that the police may search any container found in an automobile without a warrant "if their search is supported by probable cause." *Acevedo*, 500 U.S. at 579, 111 S.Ct. at 1991.

those circumstances, the Court said, probable cause to search extended to the bag alone. *Id.*

Unfortunately for Turner, his case is not comparable to the dicta of *Seals, Ross* or *Acevedo.* Here, "suspicion was not directed at a specific container," *Ross,* 456 U.S. at 814, 102 S.Ct. at 2167, whether by drug dog, informant, or police surveillance.[4] Rather, as was true in *Ross* itself, in this case the police had probable cause to search "every part of the vehicle and its contents that may conceal the object of the search." *Id.* at 825, 102 S.Ct. at 2173. Neither logic nor case law excludes Mr. Turner's trunk from the list of such locations. Accordingly, we affirm the judgment of the district court.

---

4. This case is different from the circumstances discussed in *Ross* for another reason as well. Here, the question is not just whether probable cause to believe there are drugs in one part of a car can provide probable cause to believe they may be in another, but whether an actual finding of drugs in one location supplies probable cause to believe there may be additional drugs in another.