119 F.3d 6
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kent Whiting KLOKOW, Petitioner-Appellant,
v.
Mike Pickett, Warden, California Medical Facility, Respondent-Appellee,
and
THE ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, Respondent-Appeellee.
 No. 96-16165.
 United States Court of Appeals, Ninth Circuit.
 July 25, 1997.
 
 1
 Appeal from the United States District Court for the Northern District of California Claudia Wilken, District Judge, Presiding
 
 
 2
 Before: CHOY and HALL Circuit Judges, and REAL,** Disrict Judge.
 
 
 3
 MEMORANDUM*
 
 FACTUAL AND PROCEDURAL HISTORY
 
 4
 Petitioner Kent Whiting Klokow appeals the district court's denial of his petition for habeas corpus brought pursuant to 28 U.S.C. § 2254, challenging his no contest plea to possession of cocaine for sale. The petitioner alleges ineffective assistance of counsel and improper denial of his request for an evidentiary hearing to determine whether his Fourth Amendment rights were violated when officers seized cocaine from the trunk of his car. We affirm.
 
 
 5
 In his petition, Klokow alleges that his defense counsel was ineffective for failing to bring a motion to suppress evidence acquired when deputies conducted the following searches respectively: 1) took Petitioner's pulse; 2) asked Klokow to remove his jacket to examine his arms for "track marks"; 3) performed a pat down search of his jacket pockets; 4) searched the passenger compartment of his car and; 5) searched the trunk of his car. The searches revealed 1.8 pounds of cocaine and a set of scales in the trunk of Klokow's car. Klokow also disputes the deputies' reliance on a probation order in his name containing a warrantless search condition. Based on the evidence uncovered in the searches, Klokow entered a no contest plea to the charge of possession of cocaine for sale for which he was sentenced to three years in prison.
 
 
 6
 The California Court of Appeal affirmed the conviction of the lower court on January 21, 1994. The Court of Appeal denied Appellant's petition for a writ of habeas corpus based on allegations of ineffective assistance of counsel on March 2, 1994. The California Supreme Court denied review of Petitioner's habeas claim on May 11, 1994. Petitioner then filed his habeas claim in district court on July 6, 1994 alleging ineffective assistance of counsel. The district court denied the petition on the ground that the petitioner failed to demonstrate that counsel's performance was "outside the range of professionally competent assistance" when he failed to file a motion to suppress for violations of the Fourth Amendment.
 
 
 7
 Klokow now appeals the issue of whether the search was unlawful. He disputes that the officers had probable cause to search and contends that the deputies may not rely on a probation search condition that the officers were unaware of at the time. He also contends that counsel was incompetent in electing not to assert that the search was unlawful. He requests that this court order an evidentiary hearing or remand the case with directions to the district court to hold an evidentiary hearing.
 
 
 8
 The judgment appealed from is final and we have jurisdiction under 28 U.S.C. § 2253. We affirm the district court's order denying the writ of habeas corpus and denying petitioners request for an evidentiary hearing.
 
 DISCUSSION
 I. STANDARDS OF REVIEW
 
 9
 We review de novo the district court's denial of the writ of habeas corpus. Calderon v. Prunty, 59 F3d 1005, 1008 (9th Cir.1995). (The claim of ineffective assistance of counsel for failure to bring an evidentiary hearing is treated as a mixed question of law and fact and reviewed de novo. Moran v. Godinez, 57 F.3d 690,699 (9th Cir.1995).) The question of whether the search was based on sufficient suspicion is a mixed question of fact and law and reviewed de novo. United States v. McLaughlin 851, F.2d 283, 286 (9th Cir.1988). With respect to the probation search condition, we review the question of whether a defendant has standing to assert a Fourth Amendment claim de novo although we review the underlying facts for clear error. United States v. Eyeglass, 881 F.2d 1519, 1522 (9th Cir.1989). Finally, because the petition herein was filed prior to April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act, it is unaffected by the restrictions limiting the scope on federal habeas corpus review. Jeffries v. Wood, 103 F.3d 827 (9th Cir.1996).
 
 
 10
 II. THE DISTRICT COURT DID NOT ERR IN FINDING THAT DEFENSE COUNSEL WAS NOT INCOMPETENT IN FAILING TO MAKE A MOTION TO SUPPRESS
 
 
 11
 We find that Klokow's right to effective assistance of counsel was not violated for failure to file a motion to suppress the cocaine found in his vehicle. In order to establish ineffective representation, the petitioner must prove that had counsel been effective, "there is a reasonable probability that the result would have been different." Strickland v. Washington 466 U.S. 668 (1984). "The appellant must prove incompetence of the defense counsel and resulting prejudice. There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance'. The defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Kimmelman v. Morrison, 477 U.S. at 381 (1986), citing Strickland v. Washington, 466 U.S. 668 (1984). "Only those habeas petitioners who can prove under Strickland that they have been denied a fair trial by the gross incompetence of their attorneys will be granted the writ...." Id. at 382.
 
 
 12
 Klokow's claim fails under the standard set out in Strickland because he is unable to demonstrate that the outcome would have been different had a motion to suppress been brought on Fourth Amendment grounds. As discussed below, we find that the searches were justified by probable cause and his waiver of rights under the warrantless search condition of his probationary order dated January 26, 1990.
 
 
 13
 1. Probable cause existed at the time Appellant was searched.
 
 
 14
 Sonoma County Sheriff's Deputies testified that on the night he was apprehended, Klokow was seated in his car parked on the wrong side of a dead-end road at night about 100 yards from where a local resident had reported a prowler. Deputies reported that Klokow was sweating profusely, appeared paranoid and increasingly agitated over time; and was unable to stand still. His pupils were dilated, and he stuttered and ran in place part of the time while deputies questioned him. These are all objective symptoms of use of a controlled substance.
 
 
 15
 The deputies first took petitioners pulse and upon discovery it was racing, requested that Klokow remove his jacket which revealed a fresh track mark. Deputies performed a pat down search. Next, deputies searched the passenger compartment and discovered a hypodermic syringe cap and two mirrors. They then searched the trunk of the car.
 
 
 16
 We do not view the taking of Petitioner's pulse as a search. No case to our knowledge has been so treated. Likewise, we have never specifically addressed the issue of whether after taking a suspect's pulse and finding it to be racing, an officer may request that a suspect roll up his sleeves to inspect for track marks is an unlawful search. Given the deputies training and experience and the objective indications of drug use, probable cause existed to request that Klokow remove his jacket so that deputies might examine his arms for evidence of use of a controlled substance.
 
 
 17
 The discovery of the money in Petitioner's pocket was incident to a lawful pat down search for weapons. The $2,000 was discovered in a cigarette container when the deputy felt a hard, metallic object in the pocket. The standard for justifying a frisk is whether a reasonably prudent person in the circumstances would be warranted in the belief that his or her safety or that of others is in danger. United States v. Thomas, 863 F.2d 622, 628 (9th Cir.1988). Petitioner's physical condition, the fresh needle mark on his arm, the hypodermic syringe cap and mirrors in plain sight in his car, and the large sum of money in his pocket, gave the deputies probable cause to search the automobile interior and trunk for narcotics and paraphernalia under United States v. Ross 456 U.S. 798 (1982). (Police officers who have probable cause to believe that contraband is concealed somewhere within it may conduct a warrantless search of the vehicle). See also, California v. Carney, 471 U.S. 386 (1985); and United States v. Loucks, 806 F.2d 208 (10th Cir.1986). Defense counsel was not incompetent in failing to make a meritless motion to suppress, and Petitioner was not prejudiced.
 
 
 18
 2. Search of Petitioner's person and vehicle was
 
 
 19
 independently justified by the pre-existing
 
 
 20
 warrantless search condition contained
 
 
 21
 in the probation order.
 
 
 22
 The Government contends that the warrantless search condition of Klokow's probation order provides an independent and lawful basis for the search of Klokow and his vehicle.[1] Petitioner argues that the deputies cannot justify the search with, after the fact knowledge of the probation condition.
 
 
 23
 We hold that the officer's objective determination that Klokow was under the influence of a controlled substance was sufficient to form probable cause to search Petitioner's person and his automobile, and as such, this court need not reach the issue of the probation search condition.
 
 
 24
 We must, however, first determine whether Klokow has standing to assert a violation of the Fourth Amendment. To contest legality of a search under the Fourth Amendment, defendant must demonstrate a legitimate expectation of privacy in the place or item searched by showing an actual subjective expectation of privacy which society is prepared to recognize. Minnesota v. Olson, 110 Sup.Ct. 1684, 1687 (1990). We conclude that, in agreeing to the search condition in his probation order, Petitioner no longer had a legitimate expectation of privacy. The search condition explicitly put Petitioner on notice that he would be subject to a search of his person, premises or vehicle by any peace, parole or probation officer, at any time, with or without probable cause. To state that this provision does not severely diminish the Petitioner's expectation of privacy would be untenable. Mr. Klokow clearly consented to the waiver of his Fourth Amendment rights in exchange for the opportunity to avoid service of a three year state prison sentence.
 
 
 25
 The only state authority cited by the parties holds against the Petitioner. In In Re Tyrell, the California Supreme Court held a search constitutional because minor was subject to a valid condition of probation that required him to submit to warrantless searches by "any" law enforcement officer, he had no reasonable expectation of privacy over a cache of marijuana in his pants. It cannot be said that Klokow had a reasonable expectation of privacy in the contents of the trunk of his car.
 
 
 26
 3. Petitioner's challenge to the search is barred by Teague v. Lane
 
 
 27
 The government also asks this court to conclude that the Petitioner's challenge to the probation search is barred by Teague v. Lane, 489 U.S. 288 (1989). Under Teague, "habeas relief is appropriate only if 'a state court considering [the petitioner's] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule [he] seeks was required by the Constitution." Here, the government contends that the Teague retroactivity principle prevents a federal court from granting habeas corpus relief to a state prisoner based on a rule not existing at the time the defendants conviction became final. We agree. Klokow's judgement became final 30 days after February 20, 1994, when the California Court of Appeal affirmed the judgement. The only possible decision in Petitioner's favor was the lower court decision in In Re Tyrell 21 Cal.App 4th 1243, which held that knowledge of the search warrant was required at the time of the search. However, the case lost any precedential value by the grant of review on March 11, 1993. Accordingly, we hold that a challenge to the search condition is barred under Teague.
 
 
 28
 AFFIRMED.
 
 
 
 **
 The Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Klokow's probation order issued by the Superior Court of San Francisco and signed on January 26, 1990 contained the following search condition: "Warrantless search condition as to defendant's person, premises or vehicle any time, day or night, with or without probable cause, by any peace, parole, or probation officer "