**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1509
_____

UNITED STATES OF AMERICA

v.

TERRENCE BYRD,
Appellant

_____

On Appeal from the District Court
for the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 1-14-cr-00321-001)
Honorable William W. Caldwell, U.S. District Judge

_____

On Remand from the Supreme Court of the United States
on June 15, 2018
Submitted on Remand Under Third Circuit L.A.R. 34.1(a)
on June 18, 2018

Before: FISHER[1], KRAUSE and MELLOY,[*] *Circuit Judges*

(Opinion filed: November 21, 2018)
_____

OPINION[**]

---

[1] Honorable D. Michael Fisher, United States Circuit Judge for the Third Circuit, assumed senior status on February 1, 2017.

[*] Honorable Michael J. Melloy, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

_____

KRAUSE, *Circuit Judge*.

This matter comes to us on remand from the United States Supreme Court. In our original decision in this case, we affirmed Terrence Byrd's convictions for possessing heroin with intent to distribute and possessing body armor as a prohibited person. *United States v. Byrd*, 679 F. App'x 146, 147 (3d Cir. 2017). In so doing, we rejected his argument that the evidence against him should have been excluded as the fruit of an unlawful search on the ground that Byrd did not have a reasonable expectation of privacy in the rental car because he was not listed on the rental agreement and thus lacked standing to contest the search under controlling circuit precedent at the time. *Id.* at 150 (citing *United States v. Kennedy*, 638 F.3d 159, 167–68 (3d Cir. 2011)). However, the Supreme Court then granted certiorari and took the occasion to resolve a circuit split on this issue. The Court ultimately overturned our precedent, vacating and remanding this case with instructions for us to either remand to the District Court or to address other possible bases for affirming, such as the existence of probable cause or Byrd's lack of standing to contest the search on account of his allegedly fraudulent scheme to obtain possession of the car. *See Byrd v. United States*, 138 S. Ct. 1518, 1524, 1531 (2018); *see also Byrd*, 138 S. Ct. at 1532 (Alito, J., concurring) (indicating that these possible grounds for affirmance were not exclusive). Having requested and reviewed further

2

briefing from the parties on the effect of the Supreme Court's decision, we conclude that further remand to the District Court is appropriate in these circumstances.[1]

## I.  Background

Our original opinion recounts the factual background in more detail, *see Byrd*, 679 F. App'x at 147–49, and we set forth here only the facts pertinent to the issues remaining on remand.

---

[1] When this case initially returned to us on remand, we issued a non-precedential opinion reaffirming the District Court's decision on the basis of the good faith exception to the exclusionary rule set forth in *Davis v. United States*, 564 U.S. 229, 232 (2011). *See United States v. Byrd*, No. 16-1509, 2018 WL 3750932, at *2 (3d Cir. Aug. 8, 2018). As we observed, our precedent in *Kennedy* was binding precedent at the time of the search of Byrd's car, *id* at *2, and *Davis* held that "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule," 564 U.S. 229, 232 (2011). We have reconsidered that decision in view of a thoughtful and persuasive Petition for Rehearing filed by the Federal Defenders that argues that this would constitute an unwarranted extension of *Davis*. As the Defenders point out, the question of whether a defendant has Fourth Amendment standing is distinct from the question of whether the search itself comported with the Fourth Amendment or, as relevant here, whether a reasonable police officer would understand controlling circuit precedent to affirmatively authorize the search. Indeed, in *Kennedy* itself, we observed that we could affirm either "because Kennedy lacked standing to challenge the search, or because the officers' search did not run afoul of the Fourth Amendment." 638 F.3d at 163 (citing *United States v. Mussare*, 405 F.3d 161, 168 (3d Cir. 2005)). Likewise, the Supreme Court here noted that "[w]hether a warrant is required is a separate question from . . . whether the person claiming a constitutional violation 'has had his own Fourth Amendment rights infringed by the search and seizure which he seeks to challenge.'" *Byrd*, 138 S. Ct. at 1526 (citation omitted). In short, we are persuaded that while the officers could reasonably rely on *Kennedy* to conclude that Byrd did not have Fourth Amendment standing to object to the search, they could not reasonably rely on *Kennedy* to conclude (although, as discussed *infra*, there may well be other grounds to conclude) that the search itself was constitutional. Therefore, contemporaneous with the filing of this opinion, we have granted panel rehearing and vacated our initial opinion on remand.

The evidence against Byrd was discovered after Pennsylvania State Police Trooper David Long stopped Byrd's car for a traffic violation in September 2014. Long, who recognized that the car was a rental based on a barcode in one of the car's windows, asked Byrd to produce identification and the rental agreement. After searching for the documents, Byrd, who was "extremely nervous," *United States v. Byrd*, No. 1:14-CR-321, 2015 WL 5038455, at *1 (M.D. Pa. Aug. 26, 2015), provided an interim New York driver's license, which did not include a photo, and the rental agreement, which did not list Byrd as either the renter or a permitted driver. Now joined by his partner, Trooper Travis Martin, Long returned to his vehicle to verify Byrd's information, but the computer search turned up information for an individual named James Carter. After further inquiry, the officers determined that "James Carter" was an alias and that Byrd had an outstanding nonextradition warrant from New Jersey as well as prior charges for drug, weapon, and assault offenses.

The officers returned to Byrd's car and asked Byrd to step out of the vehicle. After inquiring about the warrant and the alias, the troopers asked Byrd if there was anything illegal in the car. When Byrd said there was not, the officers asked for his consent to search the car. Byrd, who still appeared nervous, said he had a "blunt in there" and offered to retrieve it for them. The officers did not allow Byrd to do so and continued to seek his consent to search, though they "stated they did not need consent because he was not listed on the rental agreement." *Byrd*, 138 S. Ct. at 1525. Following Byrd's direction that the blunt was "right there on the side," the officers opened the

passenger and driver doors to search. At some point in the course of the search, Byrd also advised Martin that he had recently used cocaine. Martin then proceeded to search the car's trunk, where he found a bag containing body armor and 49 bricks of heroin.

At the time of the search, this Court's precedent was clear that "the driver of a rental car whose name is not listed on the rental agreement generally lacks a legitimate expectation of privacy in the car." *Kennedy*, 638 F.3d at 161. The record is also clear that Byrd, who had enlisted a friend to rent the car on his behalf, was not listed on the rental agreement himself. Thus, when Byrd moved to suppress the body armor and the drugs on the ground that the search of the rental car was unlawful, the District Court denied the motion, explaining that Byrd "was not a party to the rental agreement" and that *Kennedy* "clearly instructed that, generally, unauthorized drivers of rental vehicles lack [Fourth Amendment] standing to challenge a search thereof." *Byrd*, 2015 WL 5038455, at *2. We affirmed, stating that while a "circuit split exist[ed] as to whether the sole occupant of a rental vehicle has a Fourth Amendment expectation of privacy when that occupant is not named in the rental agreement," our Court had "spoken as to this issue" in *Kennedy* and, thus, the panel was bound by controlling circuit precedent. *Byrd*, 679 F. App'x at 150.

To resolve that split in authority, the Supreme Court granted certiorari and subsequently vacated our decision, overturning *Kennedy* and holding that "the mere fact that a driver in lawful possession or control of a rental car is not listed on the rental agreement will not defeat his or her otherwise reasonable expectation of privacy." *Byrd*,

5

138 S. Ct. at 1531. The Court remanded for us to consider whether further remand was warranted for the District Court to engage in additional fact finding or whether we could affirm on other grounds, e.g., that the search was justified on an alternative basis, such as probable cause, or that Byrd, having allegedly "intentionally use[d] a third party to procure [the] rental car by a fraudulent scheme for the purpose of committing a crime," lacked a reasonable expectation of privacy in the car. *Id.*

## II. Discussion[2]

In its opinion, the Supreme Court specifically noted two legal issues for consideration on remand that might justify affirmance: first, probable cause, and second, Byrd's Fourth Amendment standing in light of his alleged use of a "straw renter" to fraudulently obtain possession of the rental car. We note that consent, to which the District Court made passing reference in its original opinion, raises a third possible basis for affirming the District Court's original decision. But because disposition on any of these bases would require additional fact finding, we will remand for the District Court to conduct appropriate proceedings and to consider these issues in the first instance. We address each briefly below.[3]

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. "We review the District Court's denial of a motion to suppress for clear error as to the underlying factual findings and exercise plenary review of the District Court's application of the law to those facts." *United States v. Wrensford*, 866 F.3d 76, 85 n.4 (3d Cir. 2017) (citation and brackets omitted).

[3] Relying on *Steagald v. United* States, 451 U.S. 204 (1981), Appellant argues that the Government has waived its probable cause and "straw renter" arguments because the Government neglected to make them to us or to the District Court. However, *Steagald*

As to the first issue, although the District Court held that the officers had reasonable suspicion that Byrd was engaged in criminal activity and, thus, could expand the scope of their inquiry beyond Byrd's traffic violation, *see Byrd*, 2015 WL 5038455, at *3–*4, it did not address whether the officers had probable cause to then search Byrd's car—and, in particular, whether any probable cause that may have existed to search the passenger compartment of the car based on Byrd's admission that he had a "blunt" in the passenger area extended to authorize the officers to search the trunk. At least three Courts of Appeals have indicated that if police have probable cause to believe that marijuana consistent with personal use is located in the passenger part of the vehicle, they also have probable cause to search the trunk.[4] *See United States v. Winters*, 221 F.3d

---

framed the waiver issue as discretionary, not mandatory. *Id.* at 209 ("The Government, however, *may* lose its right to raise factual issues of this sort before this Court when it has made contrary assertions in the courts below, when it has acquiesced in contrary findings by those courts, or when it has failed to raise such questions in a timely fashion during the litigation.") (emphasis added). Here, the Government had no need to make either of these arguments to the District Court or to us on appeal because our precedent in *Kennedy* clearly disposed of the case in its favor. We see no reason to encourage parties to make every possible argument in the unlikely event that the Supreme Court overturns binding precedent. Moreover, while it is true that "when a party seeks reversal of a suppression ruling on appeal, any arguments not raised in the district court are waived absent a showing of good cause," it is "[o]f course, a different scenario . . . when a party asks us to *affirm* a district court's suppression ruling because we may affirm for any reason supported by the record." *United States v. Dupree*, 617 F.3d 274, 728 & n.2 (3d Cir. 2010). Given that we are being asked to affirm a suppression ruling and the Government provided a "colorable explanation" of why it did not raise these arguments before the District Court, we conclude that it did not waive either argument. *United States v. Rose*, 538 F.3d 175, 184 (3d Cir. 2008).

[4] We note, however, that some Courts of Appeals have required the existence of corroborating evidence of contraband in the passenger compartment before police are

1039, 1041 (8th Cir. 2000) (affirming the lower court's conclusion that "once the trooper smelled marijuana, he had probable cause to search the entire vehicle, including the trunk and all containers therein, for controlled substances"); *United States v. Turner*, 119 F.3d 18, 20 (D.C. Cir. 1997) (holding that evidence of personal use amounts of marijuana "was sufficient to establish a 'fair probability' that Turner might have hidden additional drugs not necessary for his current consumption in areas out of plain sight, including the trunk of the car"); *United States v. McSween*, 53 F.3d 684, 686–87 (5th Cir. 1995) (holding that "the smell of marihuana [in the passenger area] alone may be ground enough for a finding of probable cause" to search other areas of the vehicle). However, we have not yet weighed in on that question and, in view of *Kennedy*, the District Court had no need to reach it or make the necessary predicate factual findings, which it may do on remand.

As to the second issue, the Supreme Court acknowledged the Government's argument that Byrd lacked a reasonable expectation of privacy in the car because he gained possession through a fraudulent "straw renter" scheme, but it left the validity of that objection to Byrd's Fourth Amendment standing for remand. *See Byrd*, 138 S. Ct. at 1529–30. We have not yet opined on the validity of this standing objection, and, in view of *Kennedy*, the District Court did not have need to reach the legal question or to engage

authorized to search the trunk. *See, e.g.*, *United States v. Parker*, 72 F.3d 1444, 1450 (10th Cir. 1995) ("[A]n officer obtains probable cause to search the trunk of a vehicle once he smells marijuana in the passenger compartment *and* finds corroborating evidence of contraband."). We do not address here whether Byrd's admission required additional

8

in fact finding concerning the existence of a fraud scheme or Byrd's status as a "straw renter." Without a sufficient record to ascertain whether Byrd "intentionally used a third party as a strawman in a calculated plan to mislead the rental company from the very outset, all to aid him in committing a crime," *id.* at 1530, any opinion we might offer on a "straw renter" exception to Fourth Amendment standing would be merely advisory; remand is thus necessary for this issue as well.

The third possible basis for affirming—that is, consent—also would require additional fact finding. In the "Background" section of its opinion, the District Court stated that "[e]ventually, Byrd consented to the search," *Byrd*, 2015 WL 5038455, at *2, and depending on the circumstances and scope of such consent, the officers' search may indeed have been authorized. *See Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973) ("It is . . . well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent."). However, the District Court did not make explicit findings as to when in the course of the encounter Byrd consented, whether his consent was voluntary, or the scope of that consent. *See United States v. Price*, 558 F.3d 270, 277–78 (3d Cir. 2009) (explaining that consent must be "freely and voluntarily given" to constitute an exception to the warrant requirement) (quoting *Bumper v. North Carolina*, 391 U.S. 543, 548 (1968)); *United States v. Kim*, 27 F.3d 947, 956 (3d Cir. 1994) ("When an official search is properly authorized—whether by consent or by the issuance of a valid warrant—the

corroboration.

9

scope of the search is limited by the terms of its authorization.") (quoting *Walter v. United States*, 447 U.S. 649, 656 (1980)).

In summary, although "an appellate court may sometimes resolve the issue on appeal rather than remand to the district court," remand is appropriate where, as here, "the issue to be addressed is not a purely legal question . . . [and] requires the exercise of discretion or fact finding." *Hudson United Bank v. LiTenda Mortg. Corp.*, 142 F.3d 151, 159 (3d Cir. 1998); *see also United States v. Brown*, 631 F.3d 638, 644 (3d Cir. 2011). As any one of the three grounds discussed would justify the denial of Byrd's motion to suppress if supported by a more developed record, we will remand this case to the District Court for further proceedings consistent with this opinion.