F I L E D
United States Court of Appeals
Tenth Circuit

AUG 11 1998

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROBERT LEE DOWNS,

Defendant-Appellant.

No. 98-3034

---

Appeal from the United States District Court
for the District of Kansas
(D.C. No. 97-CR-10034)

---

**Submitted on the briefs:**

Warner Eisenbise, Eisenbise Law Office, Wichita, Kansas, for Defendant-Appellant.

Jackie N. Williams, United States Attorney, and Montie R. Deer, Assistant United States Attorney, Wichita, Kansas, for Plaintiff-Appellee.

---

Before **BALDOCK, EBEL,** and **MURPHY,** Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

## INTRODUCTION

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The court therefore honors the parties' requests and orders the case submitted without oral argument.

Robert L. Downs entered a conditional plea of guilty to a one-count indictment pursuant to Rule 11(a)(2) of the Federal Rules of Criminal Procedure. The indictment charged Downs with possession of marijuana with intent to distribute. Downs now appeals the district court's denial of his motion to suppress approximately 200 pounds of marijuana found during a roadside search of his vehicle. This court exercises jurisdiction pursuant to 28 U.S.C § 1291 and **affirms** .

## BACKGROUND

On appeal from the denial of a motion to suppress, this court accepts the district court's factual findings unless clearly erroneous and views the evidence in the light most favorable to the United States, the prevailing party. *See United States v. Maden* , 64 F.3d 1505, 1508 (10th Cir. 1995). Viewed from that perspective, the facts surrounding the search of Downs' vehicle are as follows.

On March 7, 1997, Kansas Highway Patrol Officer Eric D. Sauer was patrolling Interstate 70 when he noticed a gray Ford Taurus following closely behind another car. Sauer testified that the Taurus was following the other car at a distance of about eight to ten feet and that Kansas law required a distance of at least 200 feet. Sauer ran the license tag through dispatch, which indicated the tag was allegedly registered to a 1985 Mazda and was expired as of February 1996. In light of this report, Sauer pulled over the Taurus.

As Sauer approached the Taurus to talk with the driver, he first stopped and leaned down for several seconds to check out the license tag. When Sauer moved forward to the driver's side window, Downs explained that he was driving a rental car and gave Sauer his driver's license along with the rental agreement. During this initial exchange, Sauer testified that he could smell the odor of marijuana coming from inside the vehicle. The smell of raw marijuana was so strong that it made Sauer's nose run and his eyes water. Although Sauer testified he could smell marijuana coming from inside the vehicle, he admitted he could not smell it when he leaned down to look at the tag as he first approached the car. While talking with Downs, Sauer also observed a cologne box and some No-Doz pills in the front passenger seat and a blue duffel bag in the rear seat.

Upon returning to his car, Sauer ran the tag through dispatch again. This time, the tag came back as registered to the car which Mr. Downs was driving.

While Sauer was writing Downs a warning for following too closely, dispatch informed Sauer that Downs had a prior felony drug history. Sauer then returned to Downs, explained that there must have been a computer error with the earlier information on the tag and issued Downs a warning for following too closely. Sauer testified he noticed Downs had lit a cigarette while he had been in his patrol car and that the interior of the car now smelled of cologne. He testified he asked Downs if he had sprayed the cologne and that Downs had denied doing so.

After Sauer gave Downs the warning citation and returned his license and rental papers, Sauer asked Downs if he could search the car. When Downs refused consent to search, Sauer attempted to obtain a canine unit to sniff the vehicle. When he found that a canine unit was not available, Sauer told Downs he had probable cause to search and asked him to get out of the vehicle.

Sauer began the search by inspecting the inside of the car, including the duffel bag. He found no incriminating evidence. When Sauer began the search, he unlatched the trunk from inside the vehicle. As Sauer proceeded with the interior search, Downs shut the trunk. Sauer then ordered Downs away from the vehicle and reopened the trunk. Inside the trunk, Sauer found approximately 200 pounds of marijuana loosely wrapped in cellophane. Sauer then arrested Downs and read him his *Miranda* rights.

After he was indicted on drug charges, Downs moved to suppress the seized marijuana. The district court denied the motion. This court reviews *de novo* the district court's ultimate determination that the search of Downs' vehicle was reasonable under the Fourth Amendment. *See United States v. Nielsen*, 9 F.3d 1487, 1489 (10th Cir. 1993).

**DISCUSSION**

"Probable cause to search a vehicle is established if, under the '*totality of the circumstances* [,]' there is a 'fair probability' that the car contains contraband or evidence." *Id.* at 1489-90. In a case involving raw marijuana, this court has held that "the odor of marijuana alone can satisfy the probable cause requirement to search a vehicle or baggage." *United States v. Morin*, 949 F.2d 297, 300 (10th Cir. 1991); *see also Nielsen*, 9 F.3d at 1490 (quoting *Morin* for this proposition). This seemingly categoric statement is not, however, without limits. In *Nielsen*, a case involving the smell of burnt marijuana,[1] the court recognized the holding in *Morin* but noted that "[t]he scope of a warrantless search of an automobile 'is defined by the object of the search and the places in which there is probable

---

[1]In defining the limits of its holding, the court noted as follows: "The officer here said he smelled *burnt* marijuana, and we need only decide whether that provides probable cause to search a trunk, after a consented-to search of the passenger compartment produced no evidence to support the officer's suspicions." *United States v. Nielsen*, 9 F.3d 1487, 1491 (10th Cir. 1993).

-5-

cause to believe that it may be found.'" *Nielsen*, 9 F.3d at 1491 (quoting *United States v. Ross*, 456 U.S. 798, 824 (1982)). The court held:

> The smell of burnt marijuana would lead a person of ordinary caution to believe the passenger compartment might contain marijuana. In the instant case, [the] consensual search of the passenger compartment revealed no marijuana or related contraband. We do not believe under the circumstances that there was a fair probability that the *trunk* contained marijuana, or that a disinterested magistrate would so hold if asked to issue a search warrant.

*Id.*; *see also United States v. Parker*, 72 F.3d 1444, 1450 (10th Cir. 1995) (holding, in a case involving the smell of burnt marijuana, that the "odor of marijuana in the passenger compartment of a vehicle does not, however, standing alone, establish probable cause to search the trunk of the vehicle").

Accordingly, this court has established a commonsense distinction between the smells of burnt and raw marijuana based on the imperative that the scope of a warrantless search "is defined by the object of the search and the places in which there is probable cause to believe that it may be found." *United States v. Ross*, 456 U.S. 798, 824 (1982). As to the smell of burnt marijuana, *Nielsen* and *Parker* recognize that the smell of burnt marijuana is generally consistent with personal use of marijuana in the passenger compartment of an automobile. In such a case, therefore, there is no fair probability that the trunk of the car contains marijuana and an officer must limit the search to the passenger compartment absent corroborating evidence of contraband. *See Nielsen*, 9 F.3d at

-6-

1490-91; *Parker*, 72 F.3d at 1450. When, on the other hand, an officer encounters, as was the case here, the overpowering smell of raw marijuana, there is a fair probability that the car is being used to transport large quantities of marijuana and that the marijuana has been secreted in places other than the passenger compartment. Accordingly, in such circumstances, a search of the trunk is appropriate. *See Morin*, 949 F.2d at 300.

## CONCLUSION

In the case at hand, Sauer testified and the district court found that a strong smell of raw marijuana emanated from Downs' vehicle at the time of the stop. Sauer thus had probable cause to search the trunk of the vehicle and the district court correctly denied Downs' motion to suppress. The judgment of the United States District Court for the District of Kansas is therefore **AFFIRMED**.