In the

# United States Court of Appeals

### For the Seventh Circuit

No. 15-2668

WILLIE LONG,

*Petitioner-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee*.

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:15-CV-198 — **Robert L. Miller, Jr.**, *Judge*.

ARGUED NOVEMBER 9, 2016 — DECIDED FEBRUARY 13, 2017

Before BAUER and KANNE, *Circuit Judges*, and FEINERMAN,
*District Judge*.*

KANNE, *Circuit Judge*. Willie Long pled guilty to being a
felon in possession of a firearm. Thereafter, Long sought col-
lateral relief, arguing that his trial attorney provided ineffec-
tive assistance of counsel. Unfortunately for Long, his plea

---

* The Honorable Gary Feinerman, United States District Court for the
Northern District of Illinois, sitting by designation.

agreement contained a provision waiving his right to collaterally attack his conviction and sentence. For that reason, the district court summarily denied his claim.

On appeal, Long argues that the district court erred in denying his claim without an evidentiary hearing. Long correctly notes that we will allow a petitioner to circumvent a collateral-attack waiver if he can prove that his counsel was ineffective in negotiating the plea agreement containing that waiver. Nevertheless, because Long has failed to allege any facts that, if proven true, would entitle him to relief, he is not entitled to an evidentiary hearing. We affirm.

## I.   BACKGROUND

According to Long's arrest report, on November 18, 2013, at about 4:20 a.m., a Mishawaka police officer on routine patrol saw several cars maneuvering around a car parked in a McDonald's drive-through lane. The officer notified dispatch of his location and gave a description of the parked car. He then got out of his squad car and approached the car on foot. When he reached the car, he saw Long asleep in the driver's seat. The officer noticed that the car was actually in drive, but Long's foot was on the brake.

The officer knocked on the car's window. When Long responded, the officer told him to park the car and open the door so they could talk. Long opened the door, and the officer immediately smelled marijuana. As they were discussing the marijuana odor, the officer saw a gun on the floorboard near Long's feet. He then secured Long's hands and told him not to move.

At that point, another officer arrived at the scene. The officers discovered that Long had a prior felony conviction

and thus could not lawfully possess the gun. They arrested Long and impounded his car. An inventory search of the car revealed five gallon-sized bags of marijuana, three bags of ecstasy pills, three cell phones, two digital scales, and ninety-eight small plastic baggies.

The government charged Long under 18 U.S.C. § 922(g)(1) for being a felon in possession of a firearm. Assistant federal public defender H. Jay Stevens was appointed to represent Long. Long and Stevens allegedly discussed the possibility of filing a motion to suppress the gun evidence. But Stevens never filed that motion because he apparently "didn't see any realistic hope in [Long] winning [it]." (R. 35 at 2.)[1] Two weeks after the filing deadline passed, Long pled guilty to the possession charge.

In his plea agreement, Long expressly waived his right to appeal or collaterally attack his conviction and sentence. He also affirmed that he had told Stevens the facts and circumstances of his case and that he believed Stevens was fully informed of the relevant matters. During the change-of-plea hearing, Long agreed that, if the case were to proceed to trial, the government would be able to prove that a police officer found Long asleep at the wheel in a McDonald's drive-through lane, and after waking Long, the officer saw a gun on the floorboard, which Long admitted he knew was there. The court accepted Long's plea and set a date for sentencing.

Nevertheless, Long changed his mind once he discovered that his presentence report ("PSR") recommended a 4-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing

---

[1] All record citations refer to Long's criminal case in the Northern District of Indiana, Case No. 3:14-cr-16.

a firearm in connection with another felony offense—that is, Long's possession of marijuana. This enhancement increased Long's guidelines range from 37–46 months to 57–71 months. At the sentencing hearing, Long claimed that Stevens told him that no such enhancement would factor into his sentence. Thus, Long wished to withdraw his plea. Stevens acknowledged that the two disagreed about how to handle the case. Accordingly, the court rescheduled the sentencing hearing, allowed Stevens to withdraw as counsel, and appointed Michael Rehak as new counsel.

Soon after, in accordance with Long's wishes, Rehak moved to withdraw Long's plea. Rehak argued that, had Long known of the enhancement, Long would have moved to suppress the gun evidence on the ground that the officers had no probable cause to stop him. The government conceded that there was no probable cause, but argued that there was no Fourth Amendment violation because the officers were performing a caretaking function by checking on Long, whom they had found asleep at the wheel. At a hearing on the motion, Rehak said that he viewed the case the same way that Stevens did and that Rehak had explained to Long that withdrawing the guilty plea and proceeding with a motion to suppress was a bad idea. The court gave Long and Rehak time to discuss. After a recess, Long agreed to stick with his guilty plea and proceed to sentencing.

At sentencing, the court confirmed that Long had read and understood the PSR and that Long was satisfied with Rehak's work. The court then overruled Long's objection to the sentencing enhancement and imposed a below-guidelines sentence of 51 months' imprisonment.

On May 8, 2015, Long filed a timely *pro se* motion seeking relief under 28 U.S.C. § 2255. Long alleged that he had told Stevens that the officers obtained the gun evidence in a way that violated his Fourth Amendment rights and that Stevens provided ineffective assistance of counsel by failing to move to suppress that evidence. Long further argued that he would have gone to trial had Stevens so moved. Finally, Long claimed that Stevens failed to adequately investigate the case and "never fully explained to Long what the waiver in his plea bargain restricted him from doing." (R. 49 at 2.)

The district court summarily denied Long's motion without an evidentiary hearing on the ground that Long's plea agreement contained a collateral-attack waiver. The court rejected Long's argument that Stevens did not fully explain the waiver to him, finding that argument inconsistent with Long's statements at his change-of-plea hearing.

Long then sought a certificate of appealability, in which he claimed that he was denied effective assistance of counsel. The district court declined to issue a certificate, but we granted one. This appeal followed.

## II.   ANALYSIS

Long's § 2255 motion asserts that Stevens provided ineffective assistance of counsel. The district court held that the waiver in Long's plea agreement precluded this claim. In so holding, the court rejected Long's argument that Stevens was ineffective for failing to explain the waiver, determining that Long fully understood the consequences of the waiver.

But the fact that Long understood the waiver does not necessarily foreclose his ineffective-assistance-of-counsel claim. As Long argues, we have "repeatedly recognized that

appellate and collateral review waivers cannot be invoked against claims that counsel was ineffective in the negotiation of the plea agreement." *Hurlow v. United States*, 726 F.3d 958, 964 (7th Cir. 2013). Although Long's § 2255 motion does not specifically allege Stevens's ineffectiveness in negotiating the plea agreement, we construe his motion liberally. *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009) ("Pro se collateral review filings are construed liberally."). And liberally construed, it appears that Long is making this argument. For instance, Long alleges that he told Stevens that he wanted to move to suppress the gun evidence—which he claims was obtained in violation of his Fourth Amendment rights—but Stevens never filed that motion. Long further claims that "Stevens never looked fully into Long's case, just obtained a plea agreement without fully investigating." (R. 49 at 2.) Long contends that, had Stevens done these things, Long never would have entered into the plea agreement. These allegations suggest that the plea agreement was either "the product of ineffective assistance of counsel or tainted by ineffective assistance of counsel," which, if proven true, would mean that Stevens was ineffective in negotiating the plea agreement. *See Hurlow*, 726 F.3d at 967 (internal citations and quotation marks omitted).

Nevertheless, although these allegations allow Long to open the door to collateral relief, they do not necessarily permit him to walk through it. Indeed, "[n]ot every claim of ineffective assistance of counsel can overcome a waiver in a plea agreement." *Id.* at 966. For instance, we have disallowed "broad, unsupported assertions of ineffective assistance" to circumvent a waiver. *Id.*

Long contends that, at this stage, he is not trying to succeed on the merits of his claim; instead, he seeks nothing more than an evidentiary hearing to develop his argument. Even so, a district court need not grant an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," or "if the petitioner makes allegations that are vague, conclusory, or palpably incredible, rather than detailed and specific." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015) (internal quotation marks omitted). Only when a petitioner "alleges facts that, if proven, would entitle him to relief" must a district court grant a hearing. *Id*. (quoting *Kafo v. United States*, 467 F.3d 1063, 1067 (7th Cir. 2006)). Thus, we must decide whether Long's allegations sufficiently state a claim for ineffective assistance of counsel, thereby allowing him to circumvent his waiver and obtain an evidentiary hearing.

To prevail on this claim, Long must be able to show that (1) Stevens performed deficiently and (2) Long was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We begin our analysis by addressing Stevens's alleged deficient performance; we then move to prejudice.

### A. Deficient Performance

Long asserts that Stevens provided deficient performance in two ways: (1) by declining to file a motion to suppress, and (2) by failing to adequately investigate Long's case. When a petitioner alleges that counsel was ineffective for failing to move to suppress evidence, we require him to "prove the motion was meritorious." *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005). And when the purported deficiency is based on a failure to investigate, we require the petitioner to allege "what the investigation

would have produced." *Richardson v. United States*, 379 F.3d 485, 488 (7th Cir. 2004) (per curiam) (quoting *Hardamon v. United States*, 319 F.3d 943, 951 (7th Cir. 2003)).

Insofar as Long's claim is based on Stevens's decision not to file a motion to suppress, that claim fails because Long has alleged no facts suggesting that the motion would have succeeded. The only facts that we have—which are the only facts that were available to Stevens when he was deciding whether to file the motion—are those that are contained in Long's arrest report. According to that report, the incident began when a police officer approached Long's car, which was impeding the traffic of a McDonald's drive-through lane. Because a "seizure does not occur simply because a police officer approaches an individual and asks a few questions," this encounter did not implicate the Fourth Amendment. *United States v. Broomfield*, 417 F.3d 654, 655 (7th Cir. 2005) (quoting *Florida v. Bostick*, 501 U.S. 429, 434 (1991)).

Nor did the officer's instruction that Long open the car door. When the officer arrived at the car, he saw Long asleep at the wheel. The officer asked Long to open his door "for a purpose 'totally divorced from the detection, investigation, or acquisition of evidence relating to the violation of a criminal statute.'" *Sutterfield v. City of Milwaukee*, 751 F.3d 542, 554 (7th Cir. 2014) (quoting *Cady v. Dombrowski*, 413 U.S. 433, 441 (1973)). That purpose was to ensure that Long was alright. The Constitution allows officers to perform these kinds of caretaking functions because, in doing so, they are "tak[ing] actions not for any criminal law enforcement purpose but rather to protect members of the public." *Id*. at 553.

Finally, when Long opened the door, the officer immediately smelled marijuana. That gave the officer probable

cause to search the entire vehicle. *United States v. Mosby*, 541 F.3d 764, 768 (7th Cir. 2008). Because there was probable cause, any challenge to the officer's subsequent discovery of the gun would fail. *Cf. Tapley v. Chambers*, 840 F.3d 370, 377–78 (7th Cir. 2016) ("If there is probable cause to believe that a person has committed a crime, it is constitutionally irrelevant whether the officer arrested the person on charges for which there was no probable cause."). Thus, under these facts, there is no cognizable Fourth Amendment claim.

Long argues that the caretaking doctrine doesn't apply here because he never admitted to sleeping at the wheel. But the evidence suggests otherwise. At the change-of-plea hearing, Long admitted that, if the case were to proceed to trial, the government would be able to prove that the police found Long asleep at the wheel. Long now retreats from this admission, arguing that just because the government could *prove* (that is, convince a jury) that he was asleep does not necessarily mean he *was* asleep. Although Long tries to run from his prior admission, he cannot hide. Indeed, Long's sentencing memorandum explicitly admitted that officers found him asleep at the wheel and had to wake him. Moreover, at sentencing, Long testified that he and Rehak read the PSR together, yet neither objected to the PSR's statement of facts, which unambiguously state that Long was asleep at the wheel. In fact, there is no evidence that Long ever told his attorneys that he was awake. Even now, Long makes no allegation that he was awake. Nor does he allege any other facts that would support a motion to suppress.

That brings us to Long's second contention: if Stevens had conducted a more thorough investigation of Long's case, he would have discovered facts that would have supported a

suppression motion. Specifically, Long claims that Stevens should have examined security-camera footage of the McDonald's parking lot and interviewed witnesses or restaurant employees.

Nevertheless, an attorney need not investigate every possible factual scenario. Instead, the Constitution requires an attorney to make a "reasonable" investigation. *Strickland*, 466 U.S. at 691. "[W]hen determining the reasonableness of trial counsel's investigation," we "consider what [the defendant] told trial counsel." *Koons v. United States*, 639 F.3d 348, 354 (7th Cir. 2011). Here, the only thing that Long alleges he told Stevens is that the police violated his Fourth Amendment rights. But that's not a fact; it's a legal conclusion. True enough, Long suggests that he told Stevens the facts underlying that purported Fourth Amendment violation. But he doesn't say what those facts are. And although he faults Stevens for failing to investigate, he never alleges "what the investigation would have produced." *Richardson*, 379 F.3d at 488. Long has thus failed to "allege[] facts that, if proven, would entitle him to relief," and instead makes allegations that are "vague" and "conclusory." *Martin*, 789 F.3d at 706 (internal quotation marks omitted). For that reason, he is not entitled to an evidentiary hearing.

Long tries to liken his case to *Hurlow*—a case in which we reversed a district court for holding that a waiver in the defendant's plea agreement precluded an evidentiary hearing on his § 2255 motion; but that case is distinguishable. In *Hurlow*, the defendant and his fiancée shared a home. 726 F.3d at 960. Police officers searched the home over the defendant's objection after obtaining the fiancée's written consent. *Id*. They discovered contraband and arrested the defendant. *Id*.

at 961. The defendant claimed that he told his attorney these facts and that he wanted his attorney to move to suppress the incriminating evidence, but his attorney never filed a motion or investigated the claim. *Id*.

We noted that the defendant's alleged facts, if true, would have supported a suppression motion under *Georgia v. Randolph*, 547 U.S. 103 (2006). *Hurlow*, 726 F.3d at 967. In light of these alleged facts, we allowed the defendant to circumvent his waiver, instructing the district court to hold an evidentiary hearing on the defendant's claim that his attorney was ineffective in negotiating the plea agreement. *Id*. at 968.

But here, Long has alleged no facts that would support his Fourth Amendment claim, which in turn would support his claim for ineffective assistance of counsel. Accordingly, we hold that Long is bound by his waiver, which precludes any relief under § 2255. *See id.* at 966 (noting that a petitioner cannot circumvent an appeal and collateral-attack waiver by making "broad, unsupported assertions of ineffective assistance").

In so holding, we do not suggest that a petitioner's ability to circumvent a collateral-attack waiver depends on the strength of his argument. We instead require only that a petitioner allege facts showing that an argument actually exists. Because Long has not alleged that any such facts exist, we will not waste judicial resources by requiring the district court to hold an evidentiary hearing.

*B.  Prejudice*

Even if Long adequately alleged that Stevens's performance was deficient, Long still would have to prove prejudice. To do so, Long would have to show "a reasonable

probability that, but for counsel's errors, he would not have pleaded" guilty. *Cieslowski*, 410 F.3d at 359 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). A "mere allegation … that he would have insisted on going to trial is insufficient to establish prejudice." *Id*. (quoting *Berkey v. United States*, 318 F.3d 768, 772 (7th Cir. 2003)). Instead, he "must go further and present objective evidence that a reasonable probability exists that he would have taken that step." *Id*. …

Long has not carried this burden. Indeed, he has alleged nothing that indicates that he would have gone to trial had Stevens moved to suppress the gun evidence. In fact, the evidence suggests the opposite. After Stevens withdrew as counsel, Long's new attorney Rehak filed a motion to withdraw Long's guilty plea. That motion stated that Long "now wishes to suppress certain evidence in relation to his case, in particular, the initial probable cause for his stop by law enforcement." (R. 38 at 2.) But at a hearing on the motion, Rehak informed the court that he did not think withdrawing the guilty plea would benefit Long. After discussing the issue with Rehak, Long decided to forego his motion to withdraw his plea and proceed to sentencing. Long's actions thus rebut his claim that he would have gone to trial but for Stevens's alleged deficient performance.

During oral argument, Long conceded that Rehak gave "very competent advice" on this issue. Nevertheless, Long claims that, by the time Rehak got involved, the damage was already done given that Long had already pled guilty. For example, Long argues that there is no guarantee that the district court would have allowed him to withdraw his guilty plea. And even if Long was able to do so, he consequently would have faced a higher sentence because he would have

lost his 3-level reduction for acceptance of responsibility. Thus, the eggs were already broken.

But that is not so. Although the district court did not have to grant Long's motion to withdraw his plea, that does not excuse Long from pursuing that motion. Of course, if Long did proceed with that motion and won, he would have faced a higher sentence. But that's only because he would have lost his credit for acceptance of responsibility—a credit that he received only because he pled guilty in the first place. Put differently, had Long succeeded on a motion to withdraw his guilty plea, it would have been as if he had never pled guilty at all.

For that reason, we do not accept Long's argument that his initial decision to plead guilty caused irreparable harm. Long had an opportunity to try to undo whatever purported damage was done, but he chose not to pursue that opportunity. His decision thus strongly suggests—if not confirms—that Stevens's alleged deficient performance had no effect on his decision to plead guilty. On these facts, Long cannot prove prejudice. And because Long has failed to allege the existence of any facts that, if proven true, would entitle him to relief, he is not entitled to an evidentiary hearing.

## III. CONCLUSION

For the reasons above, we AFFIRM the district court's decision.