FILED
United States Court of Appeals
Tenth Circuit

March 11, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TOMMY DEAN BULLCOMING,

    Defendant - Appellant.

No. 18-6083
(D.C. No. 5:17-CR-00227-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **BALDOCK**, and **KELLY**, Circuit Judges.
_____

Defendant Tommy Dean Bullcoming pleaded guilty to one count of possession

with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1). The court

sentenced him to ten months' imprisonment. Defendant appeals, arguing that the

district court erred in denying his motion to suppress[1] and that his prison sentence,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Defendant preserved his right to appeal this issue in his plea agreement.

which exceeded the advisory guidelines range, is substantively unreasonable. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

## I.    Background

Bryan Stark, a Chief of Police with the Bureau of Indian Affairs, drove to a casino in Hammon, Oklahoma, in his marked patrol car, in response to a dispatcher's report that a security officer at the casino, Samantha Candy, had reported observing marijuana in a white vehicle in the parking lot. Chief Stark arrived at the casino approximately 25 minutes later, parked near the entrance, and went inside. After a brief conversation with Ms. Candy regarding the location of the white vehicle in the parking lot, Chief Stark and Ms. Candy walked outside. While they stood near Chief Stark's patrol car, Ms. Candy physically pointed out the white vehicle in the parking lot. "At that time, the [vehicle's] lights came on, it started to drive off, and [Chief Stark] conducted a traffic stop." R., Vol. 4 at 25.

After the white vehicle came to a stop in the parking lot, Chief Stark got out of his patrol car and made contact with the female driver. Defendant was a passenger in the car. The driver rolled down her window, and Chief Stark noticed the odor of raw marijuana coming from inside the car. Another police officer, County Deputy Dillon Mach, arrived and approached the passenger side of the vehicle. Chief Stark directed the driver and Defendant to exit the vehicle and stand behind it. Deputy Mach found a bag inside the vehicle, and Chief Stark discovered a brick of marijuana inside the bag. Chief Stark also saw some green leafy marijuana on the vehicle's floor.

2

Defendant moved to suppress the marijuana seized from the vehicle. The district court denied the motion, holding that Chief Stark had (1) reasonable suspicion to stop the vehicle based upon Ms. Candy's report of criminal activity, and (2) probable cause to arrest Defendant for possession of marijuana and to search the vehicle based upon the smell of marijuana emanating from it.

Defendant pleaded guilty to one count of possession with intent to distribute marijuana. At sentencing, the district court calculated Defendant's advisory guidelines sentencing range as zero to six months' imprisonment. The court varied upward and sentenced him to ten months' imprisonment.

## II. Discussion

### A. Denial of Motion to Suppress

In reviewing a district court's denial of a motion to suppress, "we view the evidence in the light most favorable to the government, accept the district court's findings of fact unless they are clearly erroneous, and review de novo the ultimate question of reasonableness under the Fourth Amendment." *United States v. Saulsberry*, 878 F.3d 946, 949 (10th Cir. 2017) (internal quotation marks omitted).

#### 1. Reasonable Suspicion for the Traffic Stop

"In order to effect a lawful stop, police must have an objectively reasonable and articulable suspicion that criminal activity is afoot. In determining whether reasonable suspicion exists, we look at the totality of the circumstances." *United States v. Conner*, 699 F.3d 1225, 1228 (10th Cir. 2012) (citation omitted).

3

"Reasonable suspicion requires only some minimal level of objective justification." *Id.* (internal quotations omitted).

Defendant contends that Chief Stark's stop of the white vehicle in the casino parking lot was not supported by reasonable suspicion because it was based entirely on Ms. Candy's report of criminal activity. He argues that Chief Stark was required to obtain further information from Ms. Candy to substantiate her report, and that the government was required to produce evidence that she had provided reliable information in the past. Based on factors we generally consider in assessing whether a tip from a citizen informant provides reasonable suspicion to support a traffic stop, *see Saulsberry*, 878 F.3d at 950, we see no error in the district court's holding. As always, this is a case-specific analysis, and "no single factor is dispositive." *Id.* (internal quotation marks omitted).

First, Ms. Candy was not an anonymous tipster. "The veracity of identified private citizen informants . . . is generally presumed in the absence of special circumstances suggesting that they should not be trusted." *Id.* (internal quotation marks omitted). Here, Chief Stark was aware that Ms. Candy is a security officer at the casino. *See id.* (noting tipster identified himself as an employee of a particular business, "distinguish[ing] himself from a truly anonymous informant who has not placed his credibility at risk" (internal quotation marks omitted)). Additionally, Chief Stark met with Ms. Candy face-to-face. *See United States v. Sanchez*, 519 F.3d 1208, 1214 (10th Cir. 2008) (noting the difference between in-person informants and

4

anonymous calls). And her "implicit motive was the public interest (at least there is no reason to believe otherwise)." *Saulsberry*, 878 F.3d at 950.

Ms. Candy also "reported [her] contemporaneous, firsthand knowledge." *Id.* (internal quotation marks omitted); *see* R., Vol. 4 at 25 (Chief Stark testifying, "The information I acted upon was my dispatch telling me there was a vehicle in the parking lot, a white vehicle that Security Officer Candy had observed marijuana in."). Her tip was also sufficiently detailed: she reported seeing marijuana in a particular vehicle, and she pointed to that vehicle in Chief Stark's presence. *See Saulsberry*, 878 F.3d at 948, 950 (rejecting defendant's contention that a report of "someone smoking marijuana in a black Honda with Texas license plates parked at an Arby's" was not sufficiently detailed); *Sanchez*, 519 F.3d at 1211, 1214 (holding woman's report that "she had seen a man wearing a gray shirt striking a woman in the face at a nearby intersection" was "not overly general"). Last, Chief Stark's partial corroboration of Ms. Candy's tip was also sufficient; she assisted him in locating the white vehicle that she had described in the casino parking lot. *See United States v. Madrid*, 713 F.3d 1251, 1261 (10th Cir. 2013) (holding tip was adequately corroborated "[a]lthough the caller's description of the possible criminal activity . . . was not verified by the officers"). The district court did not err in holding that Chief Stark had reasonable suspicion to stop the white vehicle.

### 2. Probable Cause to Search the Vehicle

"Probable cause to search a vehicle is established if, under the totality of the circumstances, there is a fair probability that the car contains contraband or

5

evidence." *United States v. Downs*, 151 F.3d 1301, 1303 (10th Cir. 1998) (emphasis, brackets, and internal quotation marks omitted). Defendant concedes that "[t]he odor of marijuana is sufficient to establish probable cause to search the passenger compartment [of a] vehicle for evidence relating to the possession of marijuana." Aplt. Opening Br. at 13; *see Downs*, 151 F.3d at 1303. He argues, however, that Chief Stark's inconsistent testimony regarding whether he or Deputy Mach discovered the bag containing the marijuana "call[s] the entirety of his testimony into question." Aplt. Opening Br. at 14.

The district court disagreed, finding that Chief Stark's testimony was "generally credible with respect to what happened." R., Vol. 4 at 54. Although Defendant pointed out inconsistencies in Chief Stark's testimony at the suppression hearing, the court saw "no reason to discount his testimony that . . . when he approached the car he smelled marijuana." *Id.* We "defer to the district court when reviewing the credibility of the witness on whose testimony it relies in making its factual findings." *United States v. Pacheco*, 884 F.3d 1031, 1050 (10th Cir. 2018) (internal quotation marks omitted). Defendant fails to show clear error in the court's finding that Officer Stark's testimony regarding the marijuana smell emanating from the vehicle was credible. *See United States v. Roberson*, 864 F.3d 1118, 1121 (10th Cir. 2017) ("When reviewing the denial of a motion to suppress, we accept the district court's . . . determinations of witness credibility unless they are clearly erroneous." (internal quotation marks omitted)), *cert. denied*, 138 S. Ct. 2649 (2018).

Accordingly, the district court did not err in finding that the search of the vehicle was supported by probable cause.

Because the record supports both the district court's reasonable-suspicion and probable-cause determinations, we affirm the district court's denial of Defendant's motion to suppress.

**B.      Substantive Reasonableness of Defendant's Ten-Month Sentence**

We review Defendant's challenge to the substantive reasonableness of his above-guidelines sentence for an abuse of discretion. *See United States v. Alapizco-Valenzuela*, 546 F.3d 1208, 1216 (10th Cir. 2008). We "give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* (internal quotation marks omitted). We will find that the district court "acted within its discretion unless the sentence was arbitrary, capricious, whimsical, or manifestly unreasonable." *United States v. Franklin*, 785 F.3d 1365, 1370 (10th Cir. 2015) (internal quotation marks omitted).

The district court calculated Defendant's advisory guidelines sentencing range as zero to six months' imprisonment. Finding that his criminal history was significant, the court sentenced Defendant above that range to ten months' imprisonment—a sentence the court believed was necessary to protect the public from the risk of further crimes. *See* 18 U.S.C. § 3553(a)(1), (2)(C).

Defendant acknowledges that the court considered the § 3553(a) factors. He believes, however, that it should have given more weight to his history of alcohol abuse. But we will not substitute our judgment for that of the sentencing court. *See*

7

*Gall v. United States*, 552 U.S. 38, 51-52 (2007). Defendant also complains that his ten-month sentence is 67% greater than the top of the applicable guidelines range. But "deviations from the Guidelines range will always appear more extreme—in percentage terms—when the range itself is low." *Id.* at 47-48.

Defendant's primary argument is that the district court varied upward to ensure that he would not be released from custody before the government arrested him on new federal charges including capital murder. Defendant argues this was an improper factor for the court to consider, but he cites no case supporting that proposition. *See* Fed. R. App. P. 28(a)(8)(A) (requiring citations to authorities supporting each argument); *Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (declining to consider arguments that are inadequately presented in appellant's opening brief). In his reply brief,[2] Defendant argues that, even if the new federal charges related to his history and characteristics and the need to protect the public, the facts underlying the new charges were not before the court. But contrary to this assertion, it is clear from the sentencing transcript that the district court was familiar with the new case.

Moreover, we find no basis in the transcript to conclude that Defendant's potential release before his arrest on the new charges actually influenced the district court's sentencing decision. The court did not mention that issue in discussing its reasons for sentencing Defendant. And while the status of his arrest on the new

---

[2] "This court does not ordinarily review issues raised for the first time in a reply brief." *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).

charges was raised at the sentencing hearing, the probation officer also informed the court that Defendant was already subject to a detainer filed by the tribal court in another case. Defendant questions (again, only in his reply brief) whether that detainer would have prevented his release, but he does not show that the district court shared the same concern. Consequently, we find no basis to infer that the court sentenced Defendant above the guidelines range to prevent his release before his arrest on the new federal charges. Defendant fails to show that his sentence is substantively unreasonable.

## III. Conclusion

The judgment of the district court is affirmed.

Entered for the Court

Bobby R. Baldock
Circuit Judge