In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-2641

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

KEVIN DARNEL KIZART,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Central District of Illinois.
No. 4:18-cr-40009-SLD-1 — **Sara Darrow**, *Chief Judge.*

ARGUED FEBRUARY 27, 2020 — DECIDED JULY 28, 2020

Before BRENNAN, SCUDDER, and ST. EVE, *Circuit Judges.*

BRENNAN, *Circuit Judge.* A police officer pulled over an individual for speeding and smelled burnt marijuana coming from the car. He proceeded to search for contraband or other evidence of illegal activity. We consider whether the scope of that search included the vehicle's trunk where the officer found illegal drugs.

**I**

Witnesses at an evidentiary hearing testified to the following facts.

Kevin Kizart was driving alone at 4:00 a.m. on U.S. Highway 34 in Gulfport, Illinois when Officer Ron Russell stopped him for speeding. Russell approached Kizart's Kia Forte sedan and, as they talked, Russell smelled burnt marijuana coming from Kizart's car. When Russell asked Kizart about the smell, Kizart responded his brother had smoked marijuana in the car a few hours earlier.

Russell informed Kizart he would conduct a search of the vehicle. Russell asked Kizart to step out of the car, patted him down, and found no drugs or weapons. Turning to the vehicle, Russell searched the passenger compartment, including areas not in plain view like the glove compartment. This took Russell five to seven minutes. Kizart then approached Russell looking "relieved" and with "a smile on his face" asked if Russell was finished. Russell asked Kizart how to open the trunk. Kizart did not respond, "stood still," and to Russell, Kizart "looked sort of shocked." This delay lasted about five seconds. To Russell this was "a reasonable amount of time" to answer, and Kizart "seemed he wasn't going to answer." This made Russell "suspicious about what might be in the trunk." The district court made findings about this change in Kizart's demeanor, crediting Russell's description.

Russell removed the keys from the car's ignition and used them to open the trunk. Toward the back of the trunk, he found a backpack with a garbage bag inside, which contained three smaller bags of a substance that smelled and looked like raw marijuana. The bag also contained a "white, vacuum-

packed brick of an unknown substance," which turned out to be methamphetamine. In total the backpack contained approximately three pounds of marijuana and three pounds of methamphetamine. The district court found Russell's testimony credible.

A grand jury charged Kizart with possessing marijuana and methamphetamine, each with intent to distribute. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(A), (b)(1)(D). Kizart moved to suppress the drugs, arguing that smelling burnt marijuana near the passenger compartment of his car does not give an investigating police officer probable cause to search its trunk. After an evidentiary hearing, the district court denied the motion. The court found that the smell of burnt marijuana from the car, strengthened by the change in Kizart's demeanor from relief to shock or concern, gave Russell probable cause to search the trunk. Kizart pleaded guilty to these crimes conditioned on his right to appeal the denial of the motion to suppress and to withdraw his plea if he prevails. He was sentenced to a total of 60 months' imprisonment followed by three years of supervised release. This appeal followed.

## II

### A

Warrantless searches are per se unreasonable under the Fourth Amendment, subject to only certain exceptions. *Arizona v. Gant*, 556 U.S. 332, 338 (2009). Relevant here is the automobile exception, which allows authorities to search a car without a warrant if they have probable cause. *See United States v. Ross*, 456 U.S. 798, 807–09 (1982); *Carroll v. United States*, 267 U.S. 132, 149, 153–56 (1925). "Probable cause to search a vehicle exists when, based on the totality of the

circumstances, 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *United States v. Sands*, 815 F.3d 1057, 1063 (7th Cir. 2015) (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983)).

That the smell of burnt marijuana gave Russell probable cause to search the sedan's passenger compartment is not in dispute. Rather, Kizart contends "when the interior search does not reveal a controlled substance or any other evidence of a crime, probable cause has diminished and the officer's authority to search does not extend to a vehicle's trunk." To Kizart the smell of burnt marijuana should have led Russell to look for a personal use amount, so the search could legally include only Kizart's person or the interior of the car, not the trunk. Kizart argues his position is consistent with *Ross*, 456 U.S. 798 (1982), in which the Court ruled that under the automobile exception to the warrant requirement, "[i]f probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Id*. at 825.

Kizart urges this court to follow *United States v. Downs*, 151 F.3d 1301 (10th Cir. 1998), in which the Tenth Circuit drew a distinction between the smell of raw and burnt marijuana. In *Downs* that court concluded "the smell of burnt marijuana is generally consistent with personal use of marijuana in the passenger compartment of an automobile." 151 F.3d at 1303. In that circumstance "there is no fair probability that the trunk of the car contains marijuana and an officer must limit the search to the passenger compartment absent corroborating evidence of contraband." *Id.* Because the officer in *Downs* encountered "the overpowering smell of raw marijuana," the Tenth Circuit affirmed the denial of the motion to suppress,

concluding there was a fair probability that the car was being used to transport large quantities of marijuana, which could have been hidden in places other than the passenger compartment. *Id. Downs* cites *United States v. Nielsen*, 9 F.3d 1487 (10th Cir. 1993), which reversed the denial of a motion to suppress and held that the smell of burnt marijuana and consent permitted the search of a car's passenger compartment but not its trunk. 9 F.3d at 1490–91. Kizart concedes this distinction is "unique to the Tenth Circuit."

The government argues that the denial of the motion to suppress should be affirmed because there was probable cause to search Kizart's entire car, including the trunk. The government points to the smell of burnt marijuana, Kizart's concession that his brother had smoked it in the car a few hours earlier, and Kizart's reaction and behavior when Russell asked Kizart how to open the trunk.

When considering a district court's denial of a motion to suppress, we review legal conclusions de novo and factual findings for clear error. *United States v. Yancey*, 928 F.3d 627, 630 (7th Cir. 2019). Kizart does not dispute the district court's factual findings on appeal.

B

A warrantless search of Kizart's car was valid. It is undisputed that probable cause existed to believe the sedan contained contraband or evidence of criminality when Russell smelled the burnt marijuana emanating from the car, and Kizart admitted that marijuana had been smoked there. The scope of the warrantless search is at issue.

*Ross* defines that scope not by the "nature of the container in which the contraband is secreted" but "by the object of the

search and the places in which there is probable cause to believe that it may be found." 456 U.S. at 824. This rationale from *Ross* on where to draw the line for a proper search has been regularly applied by federal and state courts, including this court. *See, e.g.*, *United States v. Franklin*, 547 F.3d 726, 735 (7th Cir. 2008) (ruling on scope of warrantless vehicle search based in part on probable cause of smell of burnt marijuana); *United States v. Ledford*, 218 F.3d 684, 688 (7th Cir. 2000) (ruling on scope of warrantless vehicle search).

Because the object of the search here was the marijuana, and Kizart contends the smell of burnt marijuana suggests personal use, he argues the search could not include the trunk. To Kizart the only two places where burnt marijuana (or related contraband) may have been found were on his person or in the passenger compartment; both were searched and yielded nothing incriminating.

But we look to the *totality* of the circumstances to see if there is a fair probability that evidence of a crime will be found in a particular place. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The whole—in addition to the smell, and Kizart's concession that marijuana had been smoked in the car—includes the district court's specific findings on Kizart's behavior when Russell asked about the trunk.

Russell testified that the stop and search, up until the trunk was opened and the drugs were discovered, had taken approximately ten minutes or less, with five to seven minutes of that concentrated on the passenger compartment. Kizart's reaction and behavior when asked about the trunk were part of this same continuous series of events. The probable cause that justified the search, in addition to the smell, included Kizart's approach of Russell looking relieved with a smile on

his face, Russell asking Kizart how to open the trunk, Kizart's abrupt change in demeanor, standing still, looking shocked, Russell waiting five seconds, and Kizart not responding.

*Ross* provides that the scope of the search can be "no greater than a magistrate could have authorized by issuing a warrant based on the probable cause that justified the search." 456 U.S. at 818. Using this rubric, a magistrate would consider Kizart's location-specific reactions, which pointed directly to the trunk. Under *Ross*'s rationale, the totality of the facts forming probable cause included a fair probability that the trunk contained contraband or other evidence of criminality. That gave Russell authority to search every part of the vehicle and its contents that could conceal the contraband or evidence of criminality—the marijuana—including the trunk.

This court has decided a number of cases with similar facts and arguments, although none on all fours. The cases the parties have argued in the district court and before us are analogous and instructive: in each the investigating officer smelled burnt marijuana and additional suspicious activity was present.

For example, in *Long v. United States*, 847 F.3d 916 (7th Cir. 2017), a car was impeding traffic in a restaurant's drive-through lane. When an investigating officer approached, he saw Long asleep at the wheel and asked him to open the door. Long did so and the officer immediately smelled marijuana. As they discussed the marijuana odor, the officer also saw a gun on the floorboard near Long's feet. *Id.* at 918. This court concluded that when "the officer immediately smelled marijuana … [t]hat gave the officer probable cause to search the entire vehicle." *Id.* at 921 (citing *United States v. Mosby*, 541 F.3d 764, 768 (7th Cir. 2008)).

Both parties cite *United States v. Franklin*, 547 F.3d 726 (7th Cir. 2008), and dispute its applicability. An officer stopped Franklin for speeding and another traffic offense. When the officer approached Franklin's car, he noticed the smell of burnt marijuana coming from the open passenger side window. The officer told Franklin about the traffic infractions. Franklin was told to exit his car, and he denied having any drugs or guns in his car. Later a drug-sniffing dog alerted to the presence of drugs from outside the car, and drugs were found in the vehicle's passenger compartment. *Id*. at 729.

In *Franklin* this court concluded that the officer "had probable cause to search Franklin's vehicle for drugs because he could smell marijuana smoke through an open window as he approached the car. … A police officer who smells marijuana coming from a car has probable cause to search that car." 547 F.3d at 733. The court went on to state that the smell of marijuana smoke "would give the police probable cause to search the passenger compartment for drugs. This circuit has held that the search can go so far as probable cause extends, even into separate containers or the trunk of the car." *Id.* at 735 (citing *inter alia Ross*). But in *Franklin* the drugs were in the passenger compartment, and probable cause "was bolstered" by the officer's observation of what looked like a marijuana stem near Franklin's knee, and by the canine alert. *Id.* at 729.

In *United States v. Cherry*, 436 F.3d 769 (7th Cir. 2006), the defendant was stopped for speeding and another traffic infraction. One officer smelled burnt marijuana as he approached Cherry's car. Another officer saw a plastic bag protruding from Cherry's pants pocket. He was searched, marijuana was seized, and Cherry was arrested. Before his car was towed, an inventory search yielded a gun in the trunk.

Cherry, a convicted felon, conditionally pleaded guilty to possessing a firearm and appealed the search. *Id.* at 771.

This court upheld the inventory search in *Cherry* and stated the government "inexplicably abandoned reliance on [the officer's] testimony that he smelled marijuana—which seems a simple and compelling foundation for searching [the driver] and ultimately the car including the trunk." *Id.* at 772. But this statement in *Cherry* is unquestionably dicta, as the case resolved on other grounds and the court's comments on this issue were "merely remarks made in the course of a decision but not essential to the reasoning behind that decision." *See* BRYAN A. GARNER, ET AL., THE LAW OF JUDICIAL PRECEDENT § 4, 44 (2016).

These decisions supply the general rule that the smell of burnt marijuana plus other suspicious activity may provide probable cause for the search of an entire vehicle including its trunk.[1] Here, Kizart's reaction and behavior when he realized that the search had not ended short of the trunk was part of the evidence that probable cause of a crime would be found in a particular place. The district court found Russell's testimony credible, and we do not second-guess that court's credibility determinations on appeal. *See, e.g., United States v. Curb*, 626 F.3d 921, 925 (7th Cir. 2010) (noting the court "do[es] not second-guess the judge's credibility determinations because he or she has had the best opportunity to observe the subject's facial expressions, attitudes, tone of voice, eye contact,

---

[1] An unpublished opinion and order that the district court and the parties discussed considered similar facts and many of the cases discussed above. *United States v. Hayes*, 2014 WL 5757421 (N.D. Ind. 2014). In *Hayes* the district court concluded that the smell of burnt marijuana provided probable cause to search the trunk of a stopped vehicle.

posture and body movements" (quoting *United States v. Mancillas*, 183 F.3d 682, 701 (7th Cir. 1999)) (internal quotation marks omitted). Kizart's reaction and behavior, his abrupt change from "relieved" to "shocked" or "concern," and his delay and failure to respond, all were key to Russell's probable cause determination. *See United States v. Ellis*, 499 F.3d 686, 691 (7th Cir. 2007) ("We have also recognized that a person's reactions to the police can be considered in a probable cause determination."). Given Kizart's suspicious reaction and behavior, Russell's search of the trunk was within the bounds of established precedent.

Kizart argues his nervousness should not be relevant in determining whether probable cause exists for a warrantless search. But Kizart's behavior here is not generalized anxiety about interaction with the police. *See, e.g.*, *United States v. Williams*, 731 F.3d 678, 687 (7th Cir. 2013) (noting that most people when confronted by a police officer are likely to act nervous). Instead, Kizart's reaction and conduct is oriented toward the potential search of a single locked compartment, the trunk, and part of a series of connected events described above.

Our decision here is consistent with most federal and state cases on this topic.[2] The Tenth Circuit precedents Kizart relies on represent a minority viewpoint.

---

[2] *See, e.g.*, *United States v. Foster*, 376 F.3d 577, 583–84, 588 (6th Cir. 2004) (finding the distinction between burnt or fresh marijuana irrelevant and holding "when the officers detected the smell of marijuana coming from [defendant's] vehicle, this provided them with probable cause to search the vehicle"); *United States v. Neumann*, 183 F.3d 753, 756 (8th Cir. 1999) (holding "detection of the smell of burnt marijuana while [the officer] was conducting the search for an open container gave him probable cause to

Underlying Kizart's request to apply *Downs* is the theory that the search should have ended before the trunk because the smell of burnt marijuana indicates only "personal use." While *Downs* says the Tenth Circuit recognizes this distinction, the caselaw it cites—*United States v. Nielsen*, 9 F.3d 1487 (10th Cir. 1993), and *United States v. Parker*, 72 F.3d 1444 (10th Cir. 1995)—rejects the idea that the indicia of "personal use" limits a search. *Nielsen*, 9 F.3d at 1490; *Parker*, 72 F.3d at 1450; *see also United States v. Loucks*, 806 F.2d 208, 211 (10th Cir. 1986) (upholding warrantless vehicle search of trunk after stop for speeding and officer detects odor of marijuana and rejecting "personal use" argument).

This court has also rejected an argument, derived from these Tenth Circuit decisions, that facts such as those here constitute multiple searches. *Franklin*, 547 F.3d at 734–35 (citing *Nielsen*, 9 F.3d at 1491). That contention is much like Kizart's that after Russell looked through the passenger

---

search the entire vehicle for drugs," which included the back of a pickup truck); *United States v. Turner*, 119 F.3d 18, 19–23 (D.C. Cir. 1997) (holding smell of burnt marijuana, plus cigar blunt and clear plastic bag of weed-like material, provided probable cause to believe the vehicle contained contraband which permitted officers to conduct search of vehicle including the trunk); *United States v. McSween*, 53 F.3d 684, 687 (5th Cir. 1995) (holding officer's detection of odor of marijuana justified search of entire vehicle, not just passenger area where police officer was at time he detected the smell); *United States v. Reed*, 882 F.2d 147, 149 (5th Cir. 1989) ("[T]he detection of the odor of [burnt] marihuana justified a search of the entire vehicle, including the locked compartment that was a likely place to conceal contraband."); *United States v. Mitchell*, 2012 WL 6827387, *7, n.1 (W.D.N.Y. 2012) (finding no Second Circuit precedent to support the Tenth Circuit's approach in *Downs* and holding the "smell of burning marijuana gave the officers probable cause to search any area of the Van where marijuana could be found").

compartment and found no contraband, the search ended, or at least "diminished" or "dissipated," before Russell asked Kizart about the trunk. Such a claim does not consider the totality of the circumstances, including the connected series of events, the relatively brief time frame of the stop and search, and the material facts of how Kizart responded to Russell's inquiry about the trunk.

### III

Because the totality of the circumstances, including the smell of burnt marijuana and Kizart's reaction and behavior when Russell asked Kizart about the trunk, provided probable cause to search his car's trunk, we AFFIRM the denial of the motion to suppress.