FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

April 3, 2026

Christopher M. Wolpert
Clerk of Court

————————————————————

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CORY LAMAR JACKSON,

    Defendant - Appellant.

No. 25-5037
(D.C. No. 4:24-CR-00140-JFJ-1)
(N.D. Okla.)

————————————————————

**ORDER AND JUDGMENT**[*]

————————————————————

Before **BACHARACH**, **MORITZ**, and **FEDERICO**, Circuit Judges.

————————————————————

This appeal involves the constitutionality of a search while Mr. Cory Jackson was driving a rented SUV. Inside the SUV were roughly five pounds of cocaine, which led the government to prosecute Mr. Jackson for possessing cocaine with intent to distribute. 21 U.S.C. § 841(a)(1), (b)(1)(B)(ii)(II). Mr. Jackson unsuccessfully moved to suppress the

---

[*]    The parties waived oral argument, so we're considering this appeal based on the briefs.

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

evidence from the search and appeals the district court's ruling. The appeal turns on whether probable cause existed for the search.

Probable cause existed if a fair probability existed for law enforcement to find contraband in the SUV. *United States v. Saulsberry*, 878 F.3d 946, 951 (10th Cir. 2017). For this inquiry, we credit the district court's factual findings[1] unless they're clearly erroneous. *United States v. Lopez*, 437 F.3d 1059, 1062 (10th Cir. 2006). But Mr. Jackson doesn't argue that the underlying findings were clearly erroneous. He instead argues that the findings don't create probable cause. That argument triggers de novo review. *United States v. Rosborough*, 366 F.3d 1145, 1152 (10th Cir. 2004).

The district court relied in part on testimony that the officer had smelled burnt marijuana in the SUV. R. vol. 3, at 13. The smell alone

---

[1]    The district court said that the investigating officer had testified about various factors contributing to probable cause. R. vol. 1, at 72. The recitation of testimony does not ordinarily constitute a factual finding. *Rep. Tech. Fund, Inc. v. Lionel Corp.*, 483 F.2d 540, 548 n.7 (2d Cir. 1973). But the court said that it was finding probable cause based on the officer's testimony. R. vol. 1, at 72. So the district court apparently intended to credit the officer's testimony for purposes of the findings. *See United States v. White*, 529 F.2d 1390, 1393 n.3 (8th Cir. 1976) ("Although the findings are cast as a summary of each witness' testimony, it is clear that the district court found the facts stated to be true."); *see also Kinney ex rel. N.L.R.B. v. Int'l Union of Oper. Eng'rs, Local 150, AFL-CIO*, 994 F.2d 1271, 1274 n.2 (7th Cir. 1993) (treating the district court's restatement of testimony as findings consisting of the adoption of that testimony "as an accurate reflection of what happened"). We thus treat the district court's recitation of the officer's testimony as findings.

would justify a search of the passenger compartment rather than the trunk. *United States v. Parker*, 72 F.3d 1444, 1450 (10th Cir. 1995). But the cocaine wasn't in a conventional trunk. The cocaine was instead hidden in a compartment in the SUV's third row, and the parties disagree on whether the SUV's third row more closely resembled a passenger compartment or a trunk. For the sake of argument, we assume that the third row of the SUV should be treated as the equivalent of a trunk.[2]

Even with this assumption, the smell of burnt marijuana could contribute to probable cause for a search of the third row. *See United States v. Kizart*, 967 F.3d 693, 698 (7th Cir. 2020) (applying "the general rule that the smell of burnt marijuana plus other suspicious activity may provide probable cause for the search of an entire vehicle including its trunk"); *United States v. McSween*, 53 F.3d 684, 689 (5th Cir. 1995) (concluding that the smell of burnt marijuana and the defendant's four prior arrests on narcotics charges established probable cause to search the entire vehicle, including the engine compartment).

For probable cause of Mr. Jackson's SUV, the district court relied not only on the smell of burnt marijuana, but also on inconsistent travel

---

[2]    The district court concluded that the third row was part of the passenger compartment, relying on *United States v. Olguin-Rivera*, 168 F.3d 1203 (10th Cir. 1999). Mr. Jackson argues that the Supreme Court abrogated *Olguin-Rivera* in *Arizona v. Gant*, 556 U.S. 332 (2009). We need not resolve this argument.

stories, extreme nervousness, and criminal history. So we consider the combination of these factors with the smell of burnt marijuana. *See United States v. West*, 219 F.3d 1171, 1178–79 (10th Cir. 2000) (considering multiple facts together—including the smell of methamphetamine, extreme nervousness, and prior criminal offenses—to determine that probable cause existed).

First, we consider the inconsistency of the travel stories given to the officer: Mr. Jackson said that he and his passenger had driven from Springfield, Missouri to Oklahoma for a visit; and the passenger said that they had driven to Houston to buy a car. R. vol. 3, at 16 (driver said that they had gone to Oklahoma for a few days), 19–20 (passenger said that they had returned from Houston to consider buying a car). The district court found these statements inconsistent.

Mr. Jackson addresses this finding, stating in a letter of supplemental authority that he has argued on appeal that "he and his passenger's travel stories were not inconsistent or contradictory, but simply different responses about their travel that were not mutually exclusive." Letter from Ass't Fed. Pub. Defender to Clerk of Court (Feb. 23, 2026) (Doc. 40). Until this letter, however, Mr. Jackson had not denied an inconsistency in the travel stories. To the contrary, he had argued in his opening brief:

> Mr. Jackson and [the passenger] told [the officer] different things about their travel. Arguably, these were inconsistent rather than contradictory. Nonetheless, the district court was

4

entitled to credit [the officer's] assessment that the men provided "contradictory" information regarding their travel plans.

Defendant's Opening Br. at 19.

Mr. Jackson couldn't torpedo this approach by arguing the opposite in his letter of supplemental authority. *United States v. Romero*, 132 F.4th 1208, 1220 n.4 (10th Cir. 2025). So we must credit the district court's finding of inconsistent travel stories, which could contribute to probable cause. *See United States v. Anderson*, 114 F.3d 1059, 1066 (10th Cir. 1997) (stating that slightly conflicting versions of travel plans contributed to probable cause); *see also United States v. Wallace*, 429 F.3d 969, 976 (10th Cir. 2005) (concluding that inconsistent travel stories could create reasonable suspicion).[3]

---

[3]    The government also characterizes both travel stories as not only inconsistent, but also implausible. The rental agreement showed that the SUV was due in Springfield on the day of the traffic stop, and the passenger had no wallet or identification. The government thus questions the plausibility of the two explanations for the trip.

But the two men might have intended to return the SUV in Springfield later in the day. After all, they were traveling in the direction of Springfield, Missouri, which was less than 3 hours away. *See Hinkle v. Beckham Cnty. Bd of Cnty. Comm'rs*, 962 F.3d 1204, 1215 n.6 (10th Cir. 2020) (taking judicial notice of distance). The circumstances were arguably unusual, but we are reluctant to regard travel plans as implausible just because they're unusual. *United States v. Simpson*, 609 F.3d 1140, 1149 (10th Cir. 2010). So we assume for the sake of argument that the implausibility of the travel stories wouldn't contribute to probable cause.

Second, we consider the district court's finding that Mr. Jackson had acted with extreme nervousness. The court based this finding on the officer's testimony that he could see Mr. Jackson's hands shake and his pulse quicken through the main artery in his neck. R. vol. 3, at 17 (observed pronounced pulse). We must view this testimony favorably in support of the ruling. *See United States v. Lopez*, 437 F.3d 1059, 1062 (10th Cir. 2006).

Given this view of the testimony, the district court could reasonably infer extreme nervousness. *See Courtney v. Okla. ex rel. Dep't of Pub. Safety*, 722 F.3d 1216, 1224 (10th Cir. 2013) (concluding that a suspect's heavy breathing, heart palpitations, nervous laughter, repeated yawning, and shaky, sweaty hands had shown extreme nervousness); *accord United States v. McFarley*, 991 F.2d 1188, 1192 (4th Cir. 1993) (characterizing heavy breathing and shaking hands as signs of unusual nervousness for purposes of an officer's suspicion). The extreme nervousness could contribute to probable cause. *See United States v. Ledesma*, 447 F.3d 1307, 1318 (10th Cir. 2006) (noting that we have recognized that extraordinary and prolonged nervousness can weigh significantly in support of probable cause).

Granted, the officer's testimony is arguably undercut by Mr. Jackson's appearance in a police video, which suggested calm rather

6

than nervousness.[4] But Mr. Jackson hasn't relied on the video in challenging the district court's finding of extreme nervousness.

Third, we consider Mr. Jackson's criminal history, which included earlier arrests for trafficking and distributing drugs. R. vol. 1, at 33; R. vol. 3 at 18–21. These arrests could contribute to probable cause. *See United States v. Cantu*, 405 F.3d 1173, 1177 (10th Cir. 2005) (concluding that a suspect's "prior narcotics-related arrests," along with other circumstances, had supported probable cause to search a vehicle); *see also United States v. Artez*, 389 F.3d 1106, 1114 (10th Cir. 2004) (stating that criminal history could contribute to a finding of probable cause).

In isolation, some of these circumstances might not be enough to establish probable cause;[5] but we must consider the circumstances in their

---

[4] Judge Federico would not add extreme nervousness to the probable cause calculation, as he does not find the video evidence in the record to match the characterization of the testimony concerning extreme nervousness. With this exception, Judge Federico joins the remainder of the order and judgment.

[5] The district court also relied on the use of a rental vehicle. We have said different things about the use of a rental vehicle. For example, we have said that "the use of a rental car alone does not contribute to reasonable suspicion." *United States v. Batara-Molina*, 60 F.4th 1251, 1257 (10th Cir. 2023); *see also United States v. Frazier*, 30 F.4th 1165, 1177 (10th Cir. 2022) ("Generally, the fact that a vehicle has been rented, standing alone, does not add to reasonable suspicion unless there are specific facts that make the rental relevant or unusual."). Other times, we've "suggested that the use of a rental car can potentially contribute to an officer's reasonable suspicion of drug trafficking." *United States v. Kitchell*, 653 F.3d 1206, 1221 (10th Cir. 2011); *see also United States v. Patten*, 183 F.3d 1190, 1195–96 (10th Cir. 1999) (concluding that probable cause existed in part based on the defendant's use of a rental car for a

totality. *United States v. Ledesma*, 447 F.3d 1307, 1319 (10th Cir. 2006).

These circumstances included the smell of burnt marijuana, inconsistent

travel stories, extreme nervousness, and the driver's history of arrests for

drug dealing. Faced with these circumstances, the officer had probable

cause to search the third row of the SUV. *See United States v. West*, 219

F.3d 1171, 1178–79 (10th Cir. 2000) (concluding that probable cause

existed from a combination of "the smell of drugs," the defendant's

criminal record, and his extreme nervousness); *see also United States v.

Dion*, 859 F.3d 114, 132–33 (1st Cir. 2017) (determining that extreme

nervousness, inconsistent travel plans, and criminal history combined to

establish probable cause). So we affirm the denial of Mr. Jackson's motion

to suppress.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

cross-country drive). Given this tension in our case law, we assume for the sake of argument that the use of a rented vehicle wouldn't contribute to probable cause.